T.C. Memo. 2008-54


UNITED STATES TAX COURT


OTTO'S E-Z CLEAN ENTERPRISES, INC., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6139-07L.               Filed March 5, 2008.


Karen Lynne Baker, for respondent.


MEMORANDUM OPINION

MARVEL, Judge:  This matter is before the Court on respondent's motion for summary judgment filed pursuant to Rule 121.[1]

---

[1] Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code (Code).

## Background

This is an appeal from respondent's determination to proceed with the collection of petitioner's unpaid employment tax; i.e., unpaid withholding and FICA tax liabilities with respect to its Form 941, Employer's Quarterly Federal Tax Return, for the quarter ending December 31, 2005, and unpaid FUTA tax liabilities with respect to its Forms 940, Employer's Annual Federal Unemployment Tax Return, for 2003, 2004, and 2005.[2] Petitioner's principal place of business was in Rockford, Illinois, when its petition was filed.

Petitioner operates a vacuum cleaner retail sales and service business for Oreck products. Petitioner failed to file its Form 941 for the quarter ending December 31, 2005, and its Forms 940 for 2003, 2004, and 2005. Pursuant to section 6020(b), respondent prepared substitute returns for petitioner for the quarter and years mentioned above and made assessments against petitioner as follows:

| Form | Quarter/ Tax year | Amount of tax | Additions to Tax | | |
|------|-------------------|---------------|------------------|--|--|
| | | | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6656 |
| 941 | 12/31/05 | $6,568.93 | $1,478.01 | $197.07 | $985.33 |
| 940 | 2003 | 1,243.78 | 254.99 | 169.99 | -0- |
| 940 | 2004 | 2,170.00 | 459.22 | 183.69 | -0- |
| 940 | 2005 | 2,170.00 | 488.25 | 65.10 | -0- |

---

[2]We use the term "employment tax" to refer to taxes under the Federal Insurance Contributions Act (FICA), secs. 3101-3128, the Federal Unemployment Tax Act (FUTA), secs. 3301-3311, and income tax withholding, secs. 3401-3406 and 3509.

On September 11, 2006, respondent issued petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing in connection with petitioner's unpaid Form 940 and Form 941 tax liabilities. Petitioner timely submitted a Form 12153, Request for a Collection Due Process Hearing. In its request, petitioner stated that "no explanation has been provided of the reason for the levy nor a computation of amount for which a levy is intended."

On January 17, 2007, Settlement Officer Marilyn Ganser (Appeals officer) held a telephone hearing with petitioner's representative, Donald A. Statland (Mr. Statland). At the hearing, the Appeals officer informed Mr. Statland that petitioner had failed to file its Form 941 tax returns for the quarters ending June 30 and September 30, 2006. The Appeals officer also explained that petitioner had filed no Form 1120, U.S. Corporation Income Tax Return, since the inception of its business. Additionally, the Appeals officer noted that petitioner's president, Andrew Otto, had not filed a Form 1040, U.S. Individual Income Tax Return, since 1998. The Appeals officer gave petitioner a January 31, 2007, deadline to provide a current financial statement and to file all of the above-mentioned delinquent returns. After the hearing, the Appeals officer sent Mr. Statland copies of the returns respondent prepared under section 6020(b). Petitioner did not file the

requested tax returns or submit a current financial statement to the Appeals officer by the January 31, 2007, deadline.

On February 15, 2007, the Appeals officer issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining the proposed levy.

On March 14, 2007, petitioner timely filed its petition. Petitioner argues that there is no proposed deficiency as set forth in the notice of determination.  Petitioner further alleges that the Appeals officer's determination was erroneous because it contravened the applicable Code provisions, rules, and regulations.  However, petitioner states that the basis of its allegations "cannot be fully set forth at this time given the unclear basis for the Commissioner's conclusions."  Lastly, petitioner contends it was improperly denied the right to an in-person section 6330 hearing.

On October 4, 2007, we issued petitioner a notice setting its case for trial during the Court's March 10, 2008, Chicago, Illinois, trial session.  On November 21, 2007, respondent filed his motion for summary judgment.  On December 7, 2007, Mr. Statland submitted a motion to withdraw as petitioner's representative, citing petitioner's refusal to cooperate and failure to respond to his repeated communication attempts.  Mr. Statland also submitted a motion requesting additional time for petitioner to obtain new counsel and/or respond to respondent's

summary judgment motion. On December 12, 2007, we granted both of Mr. Statland's motions and gave petitioner until January 16, 2008, to file a response to respondent's summary judgment motion. Petitioner did not submit a response by the extended deadline.

## Discussion

A. Summary Judgment

Summary judgment is a procedure designed to expedite litigation and avoid unnecessary, time-consuming, and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues presented "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be drawn in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). The nonmoving party, however, cannot rest upon the allegations or denials in his pleadings but must "set forth

specific facts showing that there is a genuine issue for trial."
Rule 121(d); <u>Dahlstrom v. Commissioner</u>, <u>supra</u> at 820-821.

B.  <u>Section 6330</u>

Section 6330(a) provides that no levy may be made on any
property or right to property of any person unless the Secretary
has notified such person in writing of the right to a hearing
before the levy is made.  If the person makes a request for a
hearing, a hearing shall be held before an impartial officer or
employee of the Internal Revenue Service (IRS) Office of Appeals.
Sec. 6330(b)(1), (3).  At the hearing, a taxpayer may raise any
relevant issue, including challenges to the appropriateness of
the collection action and collection alternatives.  Sec.
6330(c)(2)(A).  Taxpayers, however, are expected to provide all
relevant information requested by Appeals, including financial
statements, for its consideration of the facts and issues
involved in the hearing.  Sec. 301.6330-1(e)(1), Proced. & Admin.
Regs.  A taxpayer is precluded from contesting the existence or
amount of the underlying tax liability unless the taxpayer did
not receive a notice of deficiency for the tax in question or did
not otherwise have an opportunity to dispute the tax liability.
Sec. 6330(c)(2)(B); see also <u>Sego v. Commissioner</u>, 114 T.C. 604,
609 (2000).

Following a hearing, the Appeals Office must make a
determination whether the proposed levy may proceed.  In so

doing, the Appeals Office is required to take into consideration: (1) The verification presented by the Secretary that the requirements of applicable law and administrative procedures have been met, (2) the relevant issues raised by the taxpayer, and (3) whether the proposed levy action appropriately balances the need for efficient collection of taxes with a taxpayer's concerns regarding the intrusiveness of the proposed levy action.  Sec. 6330(c)(3).  A hearing officer may rely on a computer transcript or Form 4340, Certificate of Assessments, Payments and Other Specified Matters, to verify that a valid assessment was made and that a notice and demand for payment was sent to the taxpayer in accordance with section 6303.  Nestor v. Commissioner, 118 T.C. 162, 166 (2002); Schaper v. Commissioner, T.C. Memo. 2002-203; Schroeder v. Commissioner, T.C. Memo. 2002-190.  Absent a showing of irregularity, a transcript that shows such information is sufficient to establish that the procedural requirements of section 6330 have been met.  Nestor v. Commissioner, supra at 166-167.

Section 6330(d)(1), as amended and applicable to this case,[3] grants the Court jurisdiction to review the determination made by the Appeals officer at the hearing.  The Court has jurisdiction to review the Commissioner's determination under section 6330

_____

[3] Sec. 6330(d)(1) was amended by the Pension Protection Act of 2006, Pub. L. 109-280, sec. 855, 120 Stat. 1019, effective for determinations made after Oct. 16, 2006.

regardless of the type of tax giving rise to the underlying tax liability. Sec. 6330(d)(1); Callahan v. Commissioner, 130 T.C. ___ (2008) (frivolous return penalty gave rise to underlying tax liability). Where the validity of the underlying tax liability is properly at issue, the Court will review the underlying tax liability de novo. Sego v. Commissioner, supra at 610. Where the underlying tax liability is not properly at issue, the Court will review the administrative determination of the Appeals Office for abuse of discretion. Lunsford v. Commissioner, 117 T.C. 183, 185 (2001); Sego v. Commissioner, supra at 610; Goza v. Commissioner, 114 T.C. 176, 182 (2000). The Appeals officer abuses his discretion if his determination is exercised "arbitrarily, capriciously, or without sound basis in fact." Mailman v. Commissioner, 91 T.C. 1079, 1084 (1988).

Petitioner alleged in its petition that respondent's determination to sustain the proposed levy was in error. Specifically, petitioner alleged that it was improperly denied a face-to-face section 6330 hearing. However, petitioner did not respond to respondent's motion for summary judgment and did not provide any affidavit or other documentation to refute respondent's determination that a proper section 6330 hearing was held.

While a hearing may consist of a face-to-face meeting, a proper section 6330 hearing may also occur by telephone or

correspondence under certain circumstances.  <u>Katz v. Commissioner</u>, 115 T.C. 329, 337-338 (2000); sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs.  The undisputed facts establish that petitioner's representative agreed to participate and did participate in a telephone section 6330 hearing with the Appeals officer.[4]

Petitioner did not respond to respondent's motion for summary judgment and, consequently, has offered no discernable argument with regard to the alleged error in respondent's determination.  In the petition petitioner does not mention any specific Code provisions, rules, or regulations that respondent's determination allegedly violates, and petitioner does not set out any specific facts.  Rule 331(b)(4) and (5) requires that a petition in a levy action contain "Clear and concise assignments of each and every error which the petitioner alleges to have been committed in the notice of determination" as well as  "Clear and concise lettered statements of the facts on which the petitioner bases each assignment of error."  The petition must contain sufficient allegations of fact to permit the Court to determine whether the Commissioner can proceed with the collection of the taxpayer's tax liabilities.  See <u>Poindexter v. Commissioner</u>, 122 T.C. 280, 285 (2004), affd. 132 Fed. Appx. 919 (2d Cir. 2005).

---

[4] We note that the exhibits attached to the motion for summary judgment do not establish that petitioner at any time requested a face-to-face sec. 6330 hearing.

If the petition fails to set forth the factual basis for the claims of error, summary judgment in favor of the Commissioner is warranted.  Id. at 286.

Because petitioner fails to describe in any detail why respondent's determination is erroneous and fails to provide any factual basis to support its allegation, we are precluded from further assessing whether respondent's determination is erroneous as petitioner claims.  While petitioner contends in the petition that it cannot present its arguments because the basis for respondent's claim is unclear, this assertion is baseless.  The notice of intent to levy and the notice of determination describe in detail the basis for respondent's determination, and Mr. Statland participated in a telephone section 6330 hearing with respondent's Appeals officer at which the parties discussed petitioner's unpaid tax liabilities.

On the basis of the undisputed information submitted in support of respondent's motion, we conclude that respondent satisfied all of the requirements of section 6330.  The Appeals officer verified that all requirements of applicable law or administrative procedures were met.  The Appeals officer verified that the proper assessments were made and that notice and demand for payment was sent to petitioner's last known address.  In response to petitioner's request, the Appeals officer conducted a section 6330 hearing with petitioner's representative, Mr.

Statland.  At the hearing, the Appeals officer requested a current financial statement from petitioner and stated that no collection alternatives could be discussed until petitioner filed its delinquent returns.  The Appeals officer's position is reasonable; it is consistent with established IRS policy that a taxpayer must be in compliance with current filing and estimated tax payment requirements to be eligible for collection alternatives.  See Londono v. Commissioner, T.C. Memo. 2003-99.  Petitioner did not respond to the Appeals officer or provide the requested information by the deadline set.  The Appeals officer concluded that the proposed levy action balanced the need for efficient collection of taxes with petitioner's concerns that the collection action be no more intrusive than necessary.  Accordingly, we conclude that the undisputed facts establish that the Appeals officer did not abuse her discretion in sustaining the proposed levy action.[5]

On this record, we conclude that there is no genuine issue of material fact requiring a trial, and we hold that respondent is entitled to the entry of a decision sustaining the proposed levy as a matter of law.

_____

[5] To the extent petitioner's sec. 6330 hearing request and petition can be construed as containing arguments pertaining to its underlying tax liability, we dismiss these assertions given that petitioner has provided no legal or factual support for challenging its underlying tax liability.

To reflect the foregoing,

<u>An appropriate order and</u>

<u>decision will be entered</u>.