T.C. Summary Opinion 2010-155

UNITED STATES TAX COURT

FREDERICK WILLIAM-CHRISTOPHER HEIDEMANN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23684-08S.                Filed October 18, 2010.

Frederick William-Christopher Heidemann, pro se.

<u>Michael W. Bitner</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references

are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioner filed the petition in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 for 2001 and 2006 from the Memphis Appeals Campus. Petitioner did not and does not contest his underlying liabilities for those 2 years. Instead, petitioner contends that respondent abused his discretion in not accepting petitioner's request for a collection alternative; namely, to determine that his liabilities are uncollectible and to release his wages from levy or garnishment because of financial hardship. The case is before the Court on respondent's motion for summary judgment. Respondent moved for an adjudication that the Appeals Office did not abuse its discretion in sustaining the Internal Revenue Service (IRS) levy on petitioner's wages to collect petitioner's unpaid assessed Federal income tax liabilities for 2001 and 2006.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Missouri when he filed his petition.

Petitioner previously worked as a roofer, earning $23 per hour. In 2002 he was injured on the job. When he returned to work, he could find employment only at a significantly lower wage

working as a painter. As of the date of trial petitioner: (1) Continued working as a painter, earning $13.75 per hour; (2) did not own a house or vehicle; (3) did not have a bank account; and (4) had a child support obligation with regard to two minor children for which his employer garnished a total of $212.18 per week.

Petitioner filed his 2001 and 2006 Federal income tax returns reporting a balance due for each year arising from insufficient Federal income tax withholding. As of July 28, 2008, petitioner had a combined assessed unpaid balance due, including assessed additions to tax and interest for 2001 and 2006, totaling $2,636.27.

The IRS issued a notice of intent to levy dated April 15, 2008. Petitioner timely submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing. On the form petitioner proposed "Currently Not Collectible" (CNC) status as a collection alternative because he was suffering an ongoing financial hardship.

An Appeals officer with no prior involvement in the case reviewed petitioner's administrative file, determined that the IRS had complied with the required procedural steps before issuing the levy notice, and on or about June 7, 2008, sent a letter to petitioner scheduling a telephone collection hearing for August 18, 2008. The Appeals officer's letter informed

petitioner that before the Appeals Office could consider any collection alternative, petitioner had to comply with his Federal income tax filing requirements by submitting his missing 2003, 2005, and 2007 Federal income tax returns before the hearing began. Petitioner did not submit any of the three missing returns. Further, at the appointed time of the conference, the Appeals officer was unable to reach petitioner at either of the two telephone numbers that petitioner had provided on the Form 12153.

On August 18, 2008, the Appeals officer mailed to petitioner a "last chance letter" informing petitioner that unless the Appeals officer received the three missing returns by August 25, 2008, the Appeals officer would make a determination based solely on the information in petitioner's administrative file.

The next day, petitioner called and spoke with the Appeals officer. The Appeals officer asked for the missing Federal income tax returns for 2003, 2005, and 2007. Petitioner became upset, stating that for the past 2 years he had been dealing with the IRS regarding his unpaid Federal income tax liabilities, and that during that time, he had previously filed the three returns with the IRS and with the Taxpayer Advocate Service. The Appeals officer stated that according to IRS records, the IRS had never received petitioner's return for any of those 3 particular years. Because petitioner was already past the "last chance" deadline,

the Appeals officer asked petitioner to fax copies of the returns to Appeals that same day. Petitioner said that he did not have copies. The Appeals officer faxed to petitioner a transcript of petitioner's account and blank forms for petitioner to prepare and submit the returns promptly. Notwithstanding the Appeals officer's urging, petitioner did not submit copies of the returns.

In a notice of determination dated September 2, 2008, an Appeals manager of the Memphis Appeals Campus wrote to petitioner stating that Appeals had sustained the proposed levy action. The manager stated that Appeals could not consider petitioner's request for "Currently Not Collectible" collection status because petitioner was not in compliance with the filing requirements for his 2003, 2005, and 2007 Federal income tax returns.

Petitioner timely petitioned the Court, asking the Court to stay the levy because he was in an ongoing financial hardship due to his low wages and his child support obligation.

Respondent moved under Rule 121 for a summary adjudication of the case in respondent's favor. The Court ordered petitioner to file a written response and also to serve respondent with the response. Petitioner failed to file a response. The Court then set respondent's motion for a hearing at the trial session of the Court in St. Louis, Missouri. Both respondent's counsel and

petitioner appeared when the case was called from the trial calendar. Petitioner objected to the granting of the motion.

The Court conducted a trial and received into evidence: (1) A remittance advice for petitioner's paycheck for the week of March 28 to April 3, 2009, showing among other information a wage rate of $13.75 per hour, a child support deduction of $212.18, and net take-home pay for the week of $205.98; (2) Forms 3050, Certification of Lack of Record, with an IRS seal and a signature from the "Disclosure Manager, Office 10, St. Louis" dated November 25, 2008, stating that the disclosure manager made a diligent search and could not find a Form 1040, U.S. Individual Income Tax Return, for petitioner for 2003, 2005, and 2007; (3) Forms 2866, Certificate of Official Record, dated December 5, 2008, with an IRS seal and a signature from the "Accounting Operations Manager, Kansas City Submission Procession Center", and Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters", showing the activity related to petitioner's Federal income tax liabilities for 2001 and 2006.

Before and during the trial petitioner repeatedly insisted that he had previously filed his 2003, 2005, and 2007 Federal income tax returns with the IRS but that nonetheless he would file the returns with the Court. Ten days later, the Court received from petitioner originals of his Federal income tax

returns for 2003, 2005, 2007, and 2008, which the Court forwarded to respondent.

Subsequently, the Court held a telephone conference with the parties. Because petitioner had complied with the return filing requirements, respondent offered to refer the matter back to Appeals for a supplemental collection hearing.

The original Appeals officer and petitioner conducted a supplemental collection hearing by telephone. Petitioner again requested currently not collectible status as a collection alternative. The Appeals officer performed a financial analysis, determined that petitioner had the financial ability to pay $68 per month, and offered that amount on a "Part-Pay Installment Agreement" as a collection alternative. Petitioner disagreed, insisting on paying zero, but he did not offer any documentation to refute the Appeals officer's financial analysis. The telephone conference ended.

On or about the next day, a Memphis Appeals Campus manager issued a Supplemental Notice of Determination Concerning Collection Actions(s) Under Section 6320 and/or 6330. The supplemental notice again sustained the proposed levy action. The notice stated that petitioner's proposed collection alternative of currently not collectible status because of hardship was not allowable because petitioner has $68 per month of disposable income.

Respondent wrote to petitioner asking to hear within a week as to whether petitioner agreed with the determination that the Appeals officer reached at the conclusion of the supplemental settlement conference. Petitioner did not respond, and with the filing of respondent's status report 3 days after the deadline, the Court closed the record.

## Discussion

The Court may grant summary judgment when no genuine issue of material fact exists and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). The moving party bears the burden of proving there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). However, the nonmoving party may not rest upon mere allegations or denials in his pleadings and must "set forth specific facts showing that there is a genuine issue for trial." Rule 121(d); Dahlstrom v. Commissioner, supra at 821-822. Because petitioner did not present any evidence and acknowledged certain facts respondent alleged in his motion, we rely on respondent's version of the facts. We conclude that no genuine dispute exists regarding any

material fact and, accordingly, the Court may decide the issue on the basis of the summary judgment motion.

If a taxpayer neglects or refuses to pay a Federal income tax liability within 10 days after notice and demand for payment, the Commissioner may collect the tax by levy upon the person's property. Sec. 6331(a). The Commissioner generally must provide the taxpayer written notice of the right to a hearing before the levy is made. Sec. 6330(a). Upon a timely request, the taxpayer is entitled to an administrative hearing before an impartial officer or employee of the Appeals Office. Sec. 6330(b).

At the hearing a taxpayer may raise any relevant issue, including challenges to the appropriateness of the collection action and possible collection alternatives such as an offer-in-compromise. Sec. 6330(c)(2)(A). A taxpayer may contest the validity of the underlying tax liability, but only if the taxpayer did not receive a statutory notice of deficiency or otherwise have an opportunity to dispute the tax liability. See sec. 6330(c)(2)(B); see also Hoyle v. Commissioner, 131 T.C. 197, 199 (2008).

Following the hearing the Appeals officer must determine whether the collection action may proceed. In doing so, the Appeals officer must take into account the verification that the IRS has met the requirements of applicable law and administrative procedure, the issues raised by the taxpayer at the hearing, and

whether the collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. Sec. 6330(c)(3); Otto's E-Z Clean Enters., Inc. v. Commissioner, T.C. Memo. 2008-54.

The Tax Court is a court of limited jurisdiction, and the Court may exercise jurisdiction only to the extent expressly authorized by Congress. Breman v. Commissioner, 66 T.C. 61, 66 (1976). We review a collection determination under an abuse of discretion standard when, as here, the underlying tax liability is not in issue. Goza v. Commissioner, 114 T.C. 176, 182 (2000). Under the abuse of discretion standard, taxpayers are required to show that the Appeals Office's determination was arbitrary, capricious, or without sound basis in fact. See Pough v. Commissioner, 135 T.C. __, __ (2010) (slip op. at 11). We will now apply the law to the present facts and circumstances.

In analyzing this matter, we note at the outset that the Appeals officer complied with all of the procedural requirements before and after the collection hearing. With respect to the first notice of determination, the only issue that petitioner raised in his petition stems from his disagreement with the statement that he had not submitted his 2003, 2005, and 2007 Federal income tax returns. The lack of filing led the Appeals

officer to not consider petitioner's proposed collection alternative at the initial collection hearing.

The Court received into evidence certified Forms 4340 showing, among other information, that the IRS sent proper notice and demand to petitioner.  Similarly, the Court received into evidence respondent's certified Forms 3050 showing that the IRS did not receive petitioner's Federal income tax returns for 2003, 2005, and 2007.  Absent a taxpayer's showing of some irregularity in these types of certified forms, which petitioner has not made, the Court may rely on these forms.  Nestor v. Commissioner, 118 T.C. 162, 166 (2002); Davis v. Commissioner, 115 T.C. 35, 40-41 (2000); Davis v. Commissioner, T.C. Memo. 2005-160.

Petitioner had a history of not filing timely Federal income tax returns or paying his Federal income tax obligations.  Generally, it is well settled that an Appeals officer has discretion to require that a taxpayer be in full compliance with his filing requirements before accepting a collection alternative.  Gregg v. Commissioner, T.C. Memo. 2009-19; Otto's E-Z Clean Enters., Inc. v. Commissioner, supra.  In the case of a levy situation, however, where the taxpayer has established that the proposed levy will cause economic hardship, then the Appeals officer must not sustain the levy and must instead consider a collection alternative notwithstanding the taxpayer's failure to file Federal income tax returns.  Vinatieri v. Commissioner, 133

T.C. __ (2009). Petitioner stated in his written request for a hearing and orally during the telephone hearing that the levy would cause financial hardship. Petitioner, however, did not provide documentation establishing that his assertion was true. In summary, petitioner was not in compliance with his filing requirements, and he did not establish that the levy would cause economic hardship. Therefore, the Appeals officer did not abuse his discretion at the initial collection hearing in: (1) Rejecting petitioner's request for the collection alternative of placing his account in CNC status; and (2) allowing the levy action to proceed.

Before or during the supplemental collection hearing, the Appeals officer received the information that petitioner had provided regarding his financial situation, including petitioner's concern about the burden of his child support payments. The Appeals officer then determined that petitioner had the financial ability to pay $68 per month and offered to accept this amount on a part-pay installment agreement. Petitioner declined, asserting that the Appeals officer was mistaken about petitioner's ability to pay any amount. Petitioner, however, did not provide or offer any information to the Appeals officer that would have indicated an error in the calculation. Therefore, we hold that given the information that was available, the Appeals officer did not act in an arbitrary

and capricious manner in rejecting petitioner's unsupported assertion and sustaining the proposed levy.  See <u>Gregg v. Commissioner</u>, <u>supra</u>.

The Court is sympathetic to taxpayers such as petitioner who are suffering medical, family, and/or financial difficulties. However, with respect to both of petitioner's collection hearings with Appeals, petitioner hobbled his own cause by failing to provide the information that Appeals needed to help him.  At the first hearing the Appeals officer did not consider petitioner's request for financial hardship status because petitioner failed to provide copies of his missing Federal income tax returns and failed to establish that the levy would cause economic hardship. Similarly, at the supplemental hearing petitioner failed to provide the documentation to show that he could not afford even the $68 per month that the Appeals officer proposed.  If petitioner had adopted a more cooperative approach, he might have gained the result he desired.

In conclusion, for all of the foregoing reasons, with no material facts in dispute and viewing the facts in a light most favorable to petitioner, who is the nonmoving party opposing the summary judgment motion, we hold that the Appeals Office's

determinations to sustain the proposed levy were not an abuse of discretion.

To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.