141 T.C. No. 7

UNITED STATES TAX COURT

TOM REED, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27604-11L.                    Filed September 23, 2013.

P failed to file Federal income tax returns timely for years 1987 through 2001. P subsequently submitted delinquent returns but failed to fully satisfy the outstanding tax liabilities. P submitted two separate offers-in-compromise (OICs) to settle the outstanding tax liabilities. R rejected the first OIC. R returned the second OIC. R issued a final notice of intent to levy. P requested a collection due process hearing (collection hearing). P raised issues during the collection hearing regarding R's handling of the two OICs and requested that the returned OIC be reopened. R concluded that he did not have the authority to reopen the returned OIC and sustained the final notice of intent to levy.

P contends that R abused his discretion in sustaining the final notice of intent to levy. P argues that R abused his discretion by concluding that he lacked the authority to reopen an OIC based on doubt as to collectibility that R returned to P years before the collection hearing commenced. R argues this Court lacks jurisdiction

to determine whether he abused his discretion because P proposed no new OIC during the collection hearing. R further argues that this Court lacks jurisdiction because P has no judicial review rights relating to R's rejecting or returning an OIC.

Held, this Court has jurisdiction to determine whether R abused his discretion in sustaining the final notice of intent to levy.

Held, further, R cannot be required to reopen an OIC based on doubt as to collectibility that R returned to P years before the collection hearing commenced.

Held, further, R did not abuse his discretion in sustaining the final notice of intent to levy.

George W. Connelly, Jr., Heather M. Pesikoff, and Renesha N. Fountain, for petitioner.

David Baudilio Mora and Gordon P. Sanz, for respondent.

OPINION

KROUPA, Judge: This collection review matter is before the Court because petitioner challenges a determination notice. See sec. 6330(d)(1).[1] Respondent issued the determination notice sustaining a final notice of intent to levy (proposed

_____

[1]All section references are to the Internal Revenue Code in effect at all relevant times.

levy action).  The primary issue we are asked to decide is whether respondent abused his discretion in sustaining the proposed levy action.  We hold he did not.

Determining whether respondent abused his discretion requires us to first consider three questions.  Two of these questions involve well-trodden areas of law.  The remaining question involves an issue of first impression.  That question is:  can respondent be required to reopen an offer-in-compromise (OIC) based on doubt as to collectibility that he had returned to petitioner as unprocessable years before a collection due process hearing (collection hearing) commenced?[2]  We hold that respondent cannot be required to reopen an OIC based on doubt as to collectibility that he had returned to petitioner as unprocessable years before the collection hearing commenced.

_____

[2]This question concerns the interaction of secs. 7122 and 6330 and the consequences that flow from the Commissioner's rejecting an OIC versus his returning an OIC.  The Court previously addressed a different question on similar facts.  See Lloyd v. Commissioner, T.C. Memo. 2008-15.  The Court at first had difficulty deciphering the taxpayer's exact argument in Lloyd.  The Court ultimately concluded, however, that the taxpayer in Lloyd was arguing that an Appeals officer abused his discretion in failing to use the taxpayer's reasonable collection potential as calculated in connection with an earlier, returned OIC. Petitioner here, on the other hand, argues respondent abused his discretion by concluding in the determination notice that he lacked the authority to reopen an OIC based on doubt as to collectibility that he had returned to petitioner as unprocessable years before the collection hearing commenced.

Background

Some of the facts have been stipulated and are so found. The stipulation of facts and its accompanying exhibits are incorporated by this reference. Petitioner resided in Texas at the time he filed the petition.

Petitioner failed to file Federal income tax returns timely for years 1987 through 2001 (years at issue).[3] Petitioner eventually filed returns for the years at issue (delinquent returns), but did not fully satisfy his liabilities for the taxes, penalties and interest arising from the delinquent returns (outstanding tax liabilities).[4] Petitioner subsequently submitted two separate OICs to settle his outstanding tax liabilities.

A. The 2004 Offer

Petitioner first submitted an OIC in 2004 (2004 offer) to respondent's Houston Offer in Compromise Unit (offer unit). Respondent determined the outstanding tax liabilities at the time petitioner submitted the 2004 offer to be more than $480,000. Petitioner proposed in the 2004 offer to settle his

---

[3]Petitioner and respondent have stipulated that the years giving rise to the underlying Federal income tax liabilities span 1987 through 2001. We note, however, that each of the OICs petitioner submitted included 1986 as well. The underlying Federal income tax liabilities are not presently at issue. Accordingly, we merely note this discrepancy.

[4]The contents of the delinquent returns are not presently at issue.

outstanding tax liabilities for $22,000 (which was less than 5% of the outstanding tax liabilities) based on doubt as to collectibility. The offer unit concluded respondent could reasonably collect more from petitioner than petitioner had proposed to pay in the 2004 offer. Accordingly, the offer unit proposed that the 2004 offer be rejected.

Petitioner appealed the proposed rejection to the Internal Revenue Service Appeals Office in Houston, Texas (Houston Appeals). Houston Appeals determined that petitioner had received $258,000 from a real estate sale in 2001. Houston Appeals further determined that petitioner used a small portion of the real estate proceeds to pay business expenses and lost the remaining proceeds through high-risk day trading in the stock market. Houston Appeals therefore found that petitioner had dissipated the real estate proceeds with intentional disregard for his outstanding tax liabilities. Houston Appeals included the dissipated real estate proceeds in the calculation of an acceptable offer amount and sustained the offer unit's decision to reject the 2004 offer.

B. The 2008 Offer

Petitioner next submitted an OIC to the offer unit in 2008 (2008 offer). The 2008 offer proposed settling the outstanding tax liabilities (which exceeded almost one-half million dollars) for $35,196, based on doubt as to collectibility. The offer

unit determined that petitioner had failed to demonstrate he was in compliance with his Federal income tax obligations at the time he submitted the 2008 offer. The offer unit returned[5] the 2008 offer to petitioner as unprocessable. Petitioner then exchanged several letters with the offer unit. Petitioner attempted through the letter exchange to have the offer unit reconsider its returning the 2008 offer. To this end, petitioner argued that he was in fact in compliance with his Federal income tax obligations at the time he submitted the 2008 offer. Petitioner also argued in the letter exchange that he should be given the opportunity to become compliant if, in fact, he was not at the time he submitted the 2008 offer. Petitioner continued to make payments during the pendency of the letter exchange consistent with the 2008 offer. The letter exchange ultimately failed, however, to convince the offer unit to alter its decision to return the 2008 offer to petitioner.

C. The Collection Due Process Hearing

Respondent subsequently issued a final notice of intent to levy (levy notice) for the years at issue. Petitioner timely requested a collection hearing. Settlement Officer Liana A. White (SO White) at Houston Appeals was assigned to conduct

---

[5]The distinction between a rejected OIC and a returned OIC is important, as we later explain. Briefly, a taxpayer has the right to administratively appeal the Commissioner's rejecting an OIC but has no right to appeal the Commissioner's returning an OIC.

the collection hearing. The relevant issues petitioner raised at the collection hearing involved the manner by which respondent had handled the 2004 offer and the 2008 offer. SO White issued the determination notice in late 2011 sustaining the proposed levy action. Petitioner timely filed the petition.

## Discussion

We must now decide whether respondent abused his discretion in sustaining the proposed levy action. We focus on the manner by which respondent addressed the issues petitioner raised during the collection hearing.

Petitioner advances two theories to argue respondent abused his discretion. Petitioner first attacks SO White's conclusion that she lacked the authority to reopen the 2008 offer during the collection hearing. See sec. 6330(c)(2)(A)(iii). Petitioner contends that SO White's conclusion lacks a sound basis in fact or law. Petitioner next attacks respondent's rejecting the 2004 offer and returning the 2008 offer. Petitioner makes several related arguments under this theory. The thrust of these arguments is that respondent improperly rejected the 2004 offer and improperly returned the 2008 offer. Petitioner argues that respondent abused his discretion in sustaining the proposed levy action in light of these improprieties.

We first address the scope of our jurisdiction because respondent argues we lack jurisdiction. We next address the standard of our review. We then address each of petitioner's theories and its related arguments, in turn.

A. Scope of Jurisdiction

We now review the scope of our jurisdiction. The Tax Court is a court of limited jurisdiction. Sec. 7442; Naftel v. Commissioner, 85 T.C. 527, 529 (1985). We may exercise jurisdiction only to the extent expressly authorized by Congress. Stewart v. Commissioner, 127 T.C. 109, 112 (2006). Questions of jurisdiction are fundamental and must be addressed whenever it appears this Court may lack jurisdiction. Wheeler's Peachtree Pharmacy, Inc. v. Commissioner, 35 T.C. 177, 179 (1960). We have jurisdiction to determine whether we have jurisdiction. Stewart v. Commissioner, 127 T.C. at 112.

Respondent argues this Court lacks jurisdiction because petitioner proposed no new OIC during the collection hearing and the Court therefore has nothing to consider. Respondent also argues this Court lacks jurisdiction because petitioner has no right of judicial review of respondent's rejecting the 2004 offer or returning the 2008 offer. We are perplexed by the arguments that respondent raises as they appear to miss the thrust of the theories petitioner advances. Moreover, it is fundamental that we have jurisdiction in collection matters if the Commissioner

issues a determination notice and a taxpayer timely files a petition. See Sego v. Commissioner, 114 T.C. 604 (2000); Goza v. Commissioner, 114 T.C. 176 (2000). Both conditions apply here. Accordingly, we have jurisdiction to review the determination SO White made to sustain the proposed levy action. Sec. 6330(d); Offiler v. Commissioner, 114 T.C. 492, 498 (2000).

B. Standard of Review

We now focus on the standard we apply in determining whether respondent abused his discretion. Petitioner does not argue the validity of his outstanding tax liabilities. Accordingly, we review the determination sustaining the proposed levy action for abuse of discretion. Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 181-182. We must therefore decide whether respondent acted in a manner that was arbitrary, capricious or without a sound basis in fact or law. Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

C. Authority To Reopen the 2008 Offer

We now address petitioner's contention that SO White had the authority to reopen the 2008 offer during the collection hearing. SO White proposed, during the collection hearing, a collection alternative based on petitioner's then-current financial data. Petitioner rejected the collection alternative SO White proposed.

Petitioner argued that SO White had to instead reopen the 2008 offer and apply the payments petitioner made during the pendency of his letter exchange with the offer unit toward the 2008 offer. SO White concluded that she lacked authority to reopen the 2008 offer. Petitioner contends SO White's conclusion has no sound basis in fact or law and therefore respondent abused his discretion. Petitioner urges us to so find because reopening the 2008 offer would permit respondent to treat petitioner as having met his payment obligations under the 2008 offer. And doing so would seemingly extinguish his outstanding tax liabilities as he paid the amount he offered to pay in the 2008 offer.

This issue of first impression concerns the interaction of sections 7122 and 6330 and the consequences that flow from the Commissioner's rejecting an OIC versus his returning an OIC. We begin by reviewing the authority Congress granted to the Commissioner to compromise unpaid tax liabilities. See sec. 7122. We then turn to whether the Commissioner can exercise this compromise authority in the context of a collection hearing. See sec. 6330.

1. Section 7122

We first look to the Commissioner's authority to compromise an unpaid tax liability. The Commissioner is required to collect all Federal income tax liabilities. Sec. 6301. The Commissioner has discretion, however, to compromise

an unpaid tax liability. Sec. 7122(a). The pertinent regulations set forth doubt as to collectibility as one of three grounds for compromising an unpaid tax liability. Sec. 301.7122-1(b)(2), Proced. & Admin. Regs. Doubt as to collectibility exists where a taxpayer's assets and income are less than the taxpayer's unpaid tax liability. Id.

### 2. Section 6330

We now turn to the Commissioner's exercise of this compromise authority in the context of a collection hearing. A taxpayer has a right to a collection hearing with an Appeals officer before the Commissioner can levy on the taxpayer's property. Sec. 6330. The Appeals officer may consider an OIC proposed during a collection hearing. Sec. 6330(c)(2)(A)(iii). A taxpayer must propose an OIC for it to be considered during the collection hearing. See Sullivan v. Commissioner, T.C. Memo. 2009-4; Godwin v. Commissioner, T.C. Memo. 2003-289, aff'd, 132 Fed. Appx. 785 (11th Cir. 2005).

### 3. Interaction of Sections 7122 and 6330

We now address whether the Commissioner can be required to reopen an OIC based on doubt as to collectibility that he returned to a taxpayer years before a collection hearing commenced. Petitioner urges us to adopt the theory that

respondent can be required to do so.  See sec. 6330(c)(2)(A)(iii).  We decline to adopt petitioner's theory for two reasons.

First, adopting the theory petitioner advances would impermissibly expand the Commissioner's authority to compromise an unpaid tax liability.  The Commissioner must evaluate an OIC proposed during a collection hearing according to his authority to compromise an unpaid tax liability.  See secs. 6330, 7122; Johnson v. Commissioner, 136 T.C. 475, 484-485 (2011), aff'd, 502 Fed. Appx. 1 (D.C. Cir. 2013).  Here, petitioner requested in 2011 that respondent consider the 2008 offer based on doubt as to collectibility.

Taxpayers must submit current financial data when proposing an OIC based on doubt as to collectibility.  See Sullivan v. Commissioner, T.C. Memo. 2009-4; Godwin v. Commissioner, T.C. Memo. 2003-289.  The theory petitioner advances would impermissibly expand the Commissioner's authority by allowing the Commissioner to evaluate an OIC based on doubt as to collectibility using a taxpayer's past financial circumstances.  See sec. 7122(d)(1); see, e.g., Internal Revenue Manual (IRM) pt. 5.8.5.3(1) (Oct. 22, 2010) (financial data should be no more than six months old); IRM pt. 5.15.1.1(4) (Oct. 2, 2012) (same).

Presently, for example, petitioner's theory would have allowed petitioner to effectively propose an OIC based on doubt as to collectibility in 2011 using his

financial data from 2008. Respondent, in turn, would be forced to evaluate the OIC based on doubt as to collectibility using financial data that only by mere chance reflects petitioner's then-current financial circumstances.

And second, adopting the theory petitioner advances would substantially interfere with the statutory scheme Congress created. Taxpayers may currently seek administrative review of the Commissioner's rejecting an OIC. Sec. 7122(e). Taxpayers currently have no right, however, to seek review of the Commissioner's returning an OIC. Sec. 301.7122-1(f)(5)(ii), Proced. & Admin. Regs. The theory petitioner advances would, in effect, create additional layers of administrative and judicial review of the Commissioner's returning an OIC before a collection hearing commences. See sec. 6330(d). Petitioner's theory would not create analogous layers of review, however, for the Commissioner's returning an OIC after a collection hearing concludes. See id. Whether a taxpayer may access these new layers of review would therefore depend on when the Commissioner returns an OIC. Petitioner offers no, and we can find no, reasonable explanation for such disparate treatment based only on when the Commissioner returns an OIC.

D. Rejecting the 2004 Offer

We now turn to respondent's rejecting the 2004 offer. Petitioner submitted the 2004 offer based on doubt as to collectibility. An OIC based on doubt as to

collectibility is acceptable if it reflects the taxpayer's reasonable collection potential (RCP). Murphy v. Commissioner, 125 T.C. at 309; Rev. Proc. 2003-71, sec. 4.02(2), 2003-2 C.B. 517, 517. An OIC will generally be rejected if the RCP meets or exceeds the amount offered in the OIC. IRM pt. 5.8.4.3 (May 10, 2013). The value of dissipated assets may be included in a taxpayer's RCP. See Tucker v. Commissioner, T.C. Memo. 2011-67, aff'd, 676 F.3d 1129 (D.C. Cir. 2012); IRM pt. 5.8.5.16 (Oct. 22, 2010).

SO White reviewed the account transcripts and other information in respondent's files relating to respondent's rejecting the 2004 offer. SO White determined that Houston Appeals had rejected the 2004 offer based on its finding that petitioner received and dissipated approximately $258,000 from the real estate sale in 2001. SO White determined that Houston Appeals had properly included the dissipated real estate proceeds in the calculation of an acceptable offer amount. SO White further determined that respondent's rejecting the 2004 offer was proper based on a reasoned analysis of the facts before her. Accordingly, respondent did not abuse his discretion in sustaining the proposed levy action in light of his rejecting the 2004 offer.[6]

---

[6]Moreover, it appears that petitioner may have been precluded from even raising this issue at the collection hearing in 2011 because it was raised and

(continued...)

E.  Returning the 2008 Offer

We now turn to respondent's returning the 2008 offer.  The Commissioner has an established policy of requiring taxpayers to be in compliance with current filing and estimated tax payment requirements to be eligible for collection alternatives.  See Otto's E-Z Clean Enters., Inc. v. Commissioner, T.C. Memo. 2008-54.  Accordingly, the Commissioner does not abuse his discretion by returning an OIC based on a taxpayer's failure to meet current tax obligations. Scharringhausen v. Commissioner, T.C. Memo. 2008-26 (citing Christopher Cross, Inc. v. United States, 461 F.3d 610, 613 (5th Cir. 2006)).

SO White reviewed the files and transcripts pertaining to 2007 and 2008. SO White testified, and the record confirms, that petitioner was required to pay an addition to tax for failure to pay estimated tax for 2007.  SO White found this addition to tax arose from petitioner's failure to meet his current estimated tax obligations at the time he submitted the 2008 offer for consideration.  SO White determined that respondent's returning the 2008 offer was proper based on a reasoned analysis of the facts before her.  Accordingly, respondent did not abuse

---

[6](...continued)
considered at the administrative hearing on petitioner's appeal of the rejection of the 2004 offer.  See sec. 6330(c)(4); Perkins v. Commissioner, 129 T.C. 58, 63 (2007).  Respondent does not raise this argument, however, and we therefore need not decide this issue.

his discretion in sustaining the proposed levy action in light of his returning the 2008 offer.

F. Conclusion

Petitioner did not raise any other meritorious challenges to SO White's determination to sustain the proposed collection action. Nor did petitioner otherwise introduce any credible evidence or persuasive arguments that would convince us that SO White acted in a manner that was arbitrary, capricious or without a sound basis in fact or law.

The record reflects that SO White verified that respondent satisfied all applicable legal and administrative requirements, considered all relevant issues petitioner raised, and balanced the intrusiveness of the proposed collection actions against the need for effective tax collection. See sec. 6330(c). We therefore conclude SO White did not abuse her discretion by sustaining the proposed collection action.

We have considered all arguments made in reaching our decision, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered

for respondent.