T.C. Memo. 2014-41

UNITED STATES TAX COURT

TOM REED, Petitioner v. COMMISSIONER
OF INTERNAL REVENUE, Respondent[*]

Docket No. 27604-11L.                    Filed March 10, 2014.

George W. Connelly, Jr., Heather M. Pesikoff, and Renesha N. Fountain, for petitioner.

David Baudillo Mora and Gordon P. Sanz, for respondent.

SUPPLEMENTAL MEMORANDUM OPINION

KROUPA, Judge:  This matter is before the Court on petitioner's motion for reconsideration of our findings and opinion in Reed v. Commissioner, 141 T.C. __

_____

[*]This opinion supplements our prior Opinion, Reed v. Commissioner, 141 T.C. __ (Sept. 23, 2013).

[*2] (Sept. 23, 2013) (Reed I).  See Rule 161.[1]  We held in Reed I that we had jurisdiction to determine whether respondent abused his discretion in sustaining a final notice of intent to levy (proposed collection action).  We further held that respondent could not be required to reopen an offer-in-compromise (OIC) based on doubt as to collectibility that respondent had returned to petitioner years before a collection due process hearing (collection hearing) commenced.  Additionally, we held that it was not an abuse of discretion for respondent to sustain the proposed collection action.  Petitioner now asks us to reconsider the latter two holdings of Reed I.  We will deny his motion.

### Background

We adopt the findings of fact we made in Reed I.  We summarize the factual and procedural background briefly here and make additional findings as required for our ruling on the motion for reconsideration.

Petitioner failed to file Federal income tax returns timely for years 1987 through 2001 (years at issue).  Petitioner eventually filed returns for the years at issue (delinquent returns) but did not fully satisfy his liabilities for the taxes, penalties and interest arising from the delinquent returns (outstanding tax

_____

[1]Rule references are to the Tax Court Rules of Practice and Procedure unless otherwise indicated.

[*3] liabilities). Petitioner submitted two separate OICs to settle his outstanding tax liabilities. Only one of these OICs is now relevant.

A. The 2008 Offer

Petitioner submitted an OIC to respondent's Houston Offer in Compromise Unit (offer unit) in 2008 (2008 offer). Petitioner proposed settling the outstanding tax liabilities of almost one-half million dollars for $35,196 based on doubt as to collectibility. The offer unit determined that petitioner had failed to demonstrate he was in compliance with his Federal income tax obligations at the time he submitted the 2008 offer. The offer unit returned the 2008 offer because it had determined that petitioner was not current with his estimated tax payments for 2007. Petitioner then exchanged several letters with the offer unit. Petitioner attempted through the letter exchange to have the offer unit reconsider its returning the 2008 offer. To this end, petitioner argued that he was in fact in compliance with his Federal income tax obligations at the time he submitted the 2008 offer. Petitioner also argued in the letter exchange that he should be given the opportunity to comply if, in fact, he was not in compliance at the time he submitted the 2008 offer. Petitioner continued to make payments during the letter exchange consistent with the 2008 offer. The letter exchange ultimately failed to convince the offer unit to alter its decision to return the 2008 offer to petitioner.

**[*4]** B.  The Collection Due Process Hearing

Respondent subsequently issued a final notice of intent to levy for the years at issue.  Petitioner timely requested a collection hearing.  Settlement Officer Liana A. White (SO White) at Houston Appeals was assigned to conduct the collection hearing.  Petitioner challenged the manner in which respondent had handled the 2008 offer.  SO White issued the determination notice in late 2011 sustaining the proposed collection action.

## Discussion

Petitioner again urges us to find that respondent abused his discretion so that petitioner can effectively extinguish his outstanding tax liabilities.  We begin with this Court's standard for deciding whether to grant a motion for reconsideration.  We then address petitioner's contentions.

## I.  Standard Under Rules 161

We now discuss our standard for deciding whether to grant a motion for reconsideration of our findings or opinion.  See Rule 161.  The decision rests within the discretion of the Court.  CWT Farms, Inc. v. Commissioner, 79 T.C. 1054, 1057 (1982), aff'd, 755 F.2d 790 (11th Cir. 1985).  It is the Court's policy to try all issues raised in a case in one proceeding to avoid piecemeal and protracted litigation.  Id.  Accordingly, we generally do not exercise our discretion to grant

**[\*5]** such a motion without a showing of substantial error or unusual circumstances. Haft Trust v. Commissioner, 62 T.C. 145 (1974), aff'd on this ground, 510 F.2d 43, 45 n.1 (1st Cir. 1975). A motion for reconsideration is not the appropriate forum for rehashing previously rejected legal arguments or tendering new legal theories to reach the end result the moving party desires. Estate of Quick v. Commissioner, 110 T.C. 440, 441-442 (1998).

II.  The Motion for Reconsideration

We now focus on the motion for reconsideration. Petitioner asks us to find that respondent abused his discretion by sustaining the proposed collection action. Petitioner wants us to direct the Internal Revenue Service (IRS) Appeals Office to either consider the 2008 offer or to return it to the offer unit for consideration. Petitioner asks us to do this, however, by simply rehashing the arguments he made during the initial proceeding. We heard and considered these arguments once and find it inappropriate to reconsider Reed I simply because petitioner has raised these arguments for a second time. See Estate of Quick v. Commissioner, 110 T.C. at 441-442; Dynadeck Rotary Sys., Ltd. v. Commissioner, T.C. Memo. 2001-113. We briefly address petitioner's tax compliance arguments, however, because doing so will allow us to provide additional details of our reasoning in Reed I.

**[\*6]** Petitioner first reiterates his argument that he was in compliance with his Federal income tax obligations for 2007 when he submitted the 2008 offer. The offer unit determined otherwise. At trial SO White explained that she reviewed the relevant files and concluded that petitioner was not in compliance for 2007 because he had failed to timely submit an estimated tax payment for 2007. She further explained that the addition to tax assessed against petitioner for failing to timely pay his estimated tax payments supported her conclusion. SO White's determination was not arbitrary, capricious or without a sound basis in fact or law. Accordingly, petitioner's argument lacks merit.[2]

Petitioner next repeats his contention that he should have been given more of an opportunity to get in compliance with his Federal income tax obligations if he was not in compliance at the time he submitted the 2008 offer. Petitioner again draws our attention to some frequently asked questions (FAQs) posted to the IRS' Web site and certain Internal Revenue Manual (IRM) provisions. He claims that the offer unit failed to give him the opportunity described in the FAQs and the

---

[2]Our role is not to substitute our own judgment for that of SO White. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006). We do not decide independently whether we believe the levy should be withdrawn. See id.

**[\*7]** IRM provisions.  Petitioner contends that SO White abused her discretion when she sustained the proposed collection action anyway.[3]

It is not an abuse of discretion for the Commissioner to return an OIC because of a taxpayer's failure to meet current tax obligations.  Christopher Cross, Inc. v. United States, 461 F.3d 610, 613 (5th Cir. 2006).  Further, informal guidance, such as the FAQs posted to the IRS' Web site, is not an authoritative source of Federal tax law.  See Nelson v. Commissioner, T.C. Memo. 2013-259 (citing Zimmerman v. Commissioner, 71 T.C. 367, 371 (1978), aff'd without published opinion, 614 F.2d 1294 (2d Cir. 1979)).  Moreover, the IRM does not have the force of law and does not confer enforceable rights on taxpayers.  Fargo v. Commissioner, 447 F.3d 706, 713 (9th Cir. 2006) (holding that the IRM does not require the Commissioner to negotiate with a taxpayer), aff'g T.C. Memo. 2004-13.

In any event, the record reflects that the offer unit sent petitioner a letter notifying him that he had to be in compliance with his estimated tax payment obligations before the offer unit would consider the 2008 offer.  The record further

---

[3]Petitioner argued in the initial proceeding and again argues in the motion for reconsideration that the 2008 offer was improperly returned on the basis of tax noncompliance.  We note that petitioner has not argued that respondent's returning the 2008 offer was a de facto rejection of the 2008 offer rather than a return of the 2008 offer.

**[*8]** reflects that petitioner did not request additional time to comply. Petitioner was on notice that he had to be in compliance with his Federal income tax obligations before the offer unit would consider his 2008 offer. Petitioner was not in compliance, and the offer unit returned the 2008 offer to him. Thus, petitioner's argument lacks merit.

III. Conclusion

Petitioner has provided no valid basis for us to reconsider our findings or opinion in Reed I. Accordingly, we will deny his motions.

We have considered all remaining arguments the parties made and, to the extent not addressed, we find them to be irrelevant, moot or meritless.

To reflect the foregoing,

An appropriate order will be issued.