T.C. Memo. 2014-248

UNITED STATES TAX COURT

ANTHONY E. CLIFFORD, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24111-11L.                          Filed December 11, 2014.

Anthony E. Clifford, pro se.

William John Gregg, for respondent.

MEMORANDUM OPINION

LAUBER, Judge:  In this collection due process (CDP) case, petitioner

seeks review pursuant to sections 6320(c) and 6330(d)(1)[1] of a determination by

_____

[1]All statutory references are to the Internal Revenue Code in effect at all
relevant times, and all Rule references are to the Tax Court Rules of Practice and
Procedure.  All dollar amounts are rounded to the nearest dollar.

[*2] the Internal Revenue Service (IRS or respondent) to sustain the filing of a notice of Federal tax lien (NFTL). The IRS has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that its determination to sustain this collection action was proper as a matter of law. We agree and accordingly will grant the motion.

## Background

The following facts are derived from the parties' pleadings and motion papers, including attached exhibits and affidavits. See Rule 121(b). Petitioner is employed as chief executive officer of Standard Solar, Inc. (Standard Solar). He resided in Washington, D.C., when he filed his petition.

Petitioner filed Federal income tax returns for 2007, 2008, and 2009 but did not pay the full amounts of tax shown as due on those returns. The IRS assessed the unpaid portions of these self-reported tax liabilities, in the amounts of $53,463, $56,634, and $7,856, respectively. On April 14, 2011, in an effort to collect the assessed tax, the IRS filed an NFTL and sent petitioner Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing. In response, petitioner timely submitted Form 12153, Request for a Collection Due Process or Equivalent

[*3] Hearing, requesting an offer-in-compromise (OIC) as a proposed collection alternative.[2]

In his CDP hearing request petitioner proposed to compromise his tax liabilities for all open years (then exceeding $360,000) by payment of $206,000, consisting of 12 monthly payments of $500 followed by a lump-sum payment of $200,000 in June 2012. Petitioner stated that his only sizable asset consisted of options to purchase 150 shares of Standard Solar common stock with an estimated value of about $5,000 per share. He wished to defer the due date for the lump-sum payment to afford him time to liquidate or borrow against this asset.

Petitioner participated in a CDP hearing with a settlement officer from the IRS Appeals Office (SO1). SO1 told petitioner that his offer could not be processed unless it was set forth on IRS Form 656, Offer in Compromise, and was

---

[2]Besides his liabilities for the years at issue, petitioner had, as of August 22, 2011, outstanding tax liabilities for 1998-2000 and 2002-2006 in the aggregate amount (including interest) of $250,171. The IRS filed an NFTL for those years and sent petitioner a Letter 3172, but his request for a CDP hearing was untimely. See sec. 301.6320-1(c)(2), Q&A-C3, Proced. & Admin. Regs. The IRS thereafter afforded him an "equivalent hearing." See sec. 301.6320-1(i)(1), Proced. & Admin. Regs. Petitioner participated in an equivalent hearing, and the IRS Appeals Office upheld the NFTL. In his petition, petitioner sought review of the IRS decision to sustain the NFTL for those other years, but this Court lacks jurisdiction to review the results of an equivalent hearing. See, e.g., Kennedy v. Commissioner, 116 T.C. 255, 263 (2001). We therefore granted respondent's motion to dismiss for lack of jurisdiction as to tax years 1998-2000 and 2002-2006.

[*4] accompanied by a payment equal to 20% of the compromise amount. SO1 indicated that he would be amenable to an installment agreement whereby petitioner would fully pay his outstanding tax liabilities by monthly payments of $3,000, apparently intending this to constitute a final offer. When petitioner did not respond to this offer, SO1 closed the case and on September 20, 2011, sent petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining the NFTL.

Petitioner timely petitioned this Court contending (among other things) that he had not understood SO1's offer to constitute a formal and final collection alternative. On October 5, 2012, respondent moved to remand the case to the IRS Appeals Office, representing that petitioner had not been afforded an adequate opportunity to submit an OIC. We granted respondent's motion and remanded the case for a supplemental CDP hearing.

Petitioner was assigned a new settlement officer (SO2) who conducted a face-to-face hearing on March 7, 2013. Petitioner submitted a formal OIC based upon doubt as to collectibility in which he proposed to compromise his outstanding tax liabilities for $175,000, payable in monthly installments of $1,250 with a possible balloon payment at an unspecified date. Petitioner submitted up-to-date financial information, including an appraisal of the Standard Solar stock he

[*5] held under option, which the appraiser had discounted for restrictions on marketability. As requested by SO2, petitioner also submitted a copy of his delinquent 2011 Federal income tax return, which showed an unpaid balance due.

SO2 determined that petitioner's monthly income was $12,519, that his monthly disposable income was $4,999, and that his reasonable collection potential (RCP) was $359,026. SO2 informed petitioner that, absent special circumstances, he could not accept an OIC of less than petitioner's RCP. At subsequent meetings in July and August 2013, SO2 agreed to reduce petitioner's RCP to $278,320 after further discounting the value of the Standard Solar stock. On September 10, 2013, SO2 formally offered petitioner an OIC of $278,320, consisting of a $174,705 initial payment and 23 monthly payments of $4,505 [$174,705 + ($4,505 × 23) = $278,320].

Petitioner rejected SO2's offer. On October 7, 2013, petitioner submitted a revised OIC, based upon doubt as to collectibility, of $169,000, consisting of a $100,000 initial payment and 23 monthly payments of $3,000. Ignoring the time value of money, this offer was smaller than the $175,000 offer petitioner had made in March 2013. Petitioner also submitted a copy of his 2012 Federal income tax return, which showed an unpaid balance due.

**[\*6]** SO2 determined that petitioner's revised OIC was substantially smaller than his revised RCP of $278,320 and that his failure to pay his 2011 and 2012 tax liabilities evidenced ongoing noncompliance with his Federal tax obligations. SO2 accordingly closed the case and, on April 1, 2014, sustained the NFTL for 2007-2009 in a supplemental notice of determination that is now before the Court. On July 10, 2014, respondent moved for summary judgment and petitioner, on August 16, 2014, responded to that motion.

## Discussion

### A.    Summary Judgment and Standard of Review

The purpose of summary judgment is to expedite litigation and avoid unnecessary and time-consuming trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). Petitioner's response to the summary judgment motion alleges no dispute as to any material fact. In light of respondent's motion, his supporting affidavits, and petitioner's response thereto, we conclude that this case is appropriate for summary adjudication.

**[\*7]**   Where (as here) there is no dispute as to the taxpayer's underlying liabilities, we review the IRS' determination for abuse of discretion. <u>Goza v. Commissioner</u>, 114 T.C. 176, 182 (2000). An abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. <u>See</u> <u>Murphy v. Commissioner</u>, 125 T.C. 301, 320 (2005), <u>aff'd</u>, 469 F.3d 27 (1st Cir. 2006).

B.   <u>Analysis</u>

In deciding whether SO2 abused his discretion in sustaining the filing of the NFTL, we consider whether he:  (1) properly verified that the requirements of any applicable law or administrative procedure have been met; (2) considered any relevant issues raised by petitioner; and (3) determined whether "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." <u>See</u> secs. 6320(c), 6330(c)(3). Our review of the record reveals that SO2 conducted a thorough review of petitioner's account, determined that the tax had been properly assessed, verified that all other requirements of applicable law and administrative procedure were followed, and determined that the proposed collection action balanced the need for the efficient collection of taxes with petitioner's legitimate concern that the collection action be no more intrusive than

[*8] necessary.  Petitioner's sole contention is that SO2 abused his discretion in declining to accept petitioner's revised OIC.

A taxpayer may raise at a CDP hearing any relevant issue relating to the collection action, including offers of a collection alternative.  Sec. 6330(c)(2)(A)(iii).  This Court does not independently review the reasonableness of the taxpayer's proposed collection alternative but reviews only whether the SO's decision to reject that offer was arbitrary, capricious, or without sound basis in law or fact.  Murphy v. Commissioner, 125 T.C. at 320.  We do not substitute our judgment for that of the SO as to the acceptability of a particular offer.  See, e.g., Johnson v. Commissioner, 136 T.C. 475, 488 (2011), aff'd, 502 Fed. Appx. 1 (D.C. Cir. 2013).

Section 7122(a) authorizes the IRS to compromise an outstanding tax liability, and the regulations set forth three grounds for compromise:  (1) doubt as to liability; (2) doubt as to collectibility; or (3) promotion of effective tax administration.  Sec. 301.7122-1(b), Proced. & Admin. Regs.  The Secretary may compromise a tax liability based on doubt as to collectibility where the taxpayer's assets and income render full collection unlikely.  Sec. 301.7122-1(b)(2), Proced. & Admin. Regs.  Conversely, the IRS may reject an OIC where the taxpayer's RCP is greater than the amount he proposes to pay.  See Johnson, 136 T.C. at 486.  Absent

**[\*9]** a showing of special circumstances, Appeals officers are directed to reject offers substantially below the taxpayer's RCP where the OIC is premised on doubt as to collectibility. See Rev. Proc. 2003-71, sec. 4.02(2), 2003-2 C.B. 517, 517.

Petitioner submitted two OICs after this case was remanded for a supplemental hearing. The second was lower than the first, and each was $100,000 below his RCP. Cf. Lindley v. Commissioner, T.C. Memo. 2006-229 (finding that the Appeals officer did not abuse his discretion by rejecting an OIC $25,535 below taxpayer's RCP), aff'd on this issue sub nom. Keller v. Commissioner, 568 F.3d 710 (9th Cir. 2009). An Appeals officer is not required to negotiate with a taxpayer indefinitely. Kreit Mech. Assocs. Inc. v. Commissioner, 137 T.C. 123, 134 (2011). SO2 negotiated with petitioner for many months, and his willingness to reduce petitioner's RCP from $359,026 to $278,320 exemplifies his flexibility. SO2 made a final offer corresponding to the lower RCP he had determined for petitioner, and petitioner rejected that offer. Under these circumstances, SO2 did not abuse his discretion by closing the case without soliciting another offer from petitioner, especially because petitioner's most recent offer was substantially below his RCP and because he was not in compliance with his current tax

**[*10]** obligations.  See Reed v. Commissioner, 141 T.C. 248, 256-257 (2013);

Brombach v. Commissioner, T.C. Memo. 2012-265, at *21.[3]

Finding no abuse of discretion in any respect, we conclude that respondent

is entitled to judgment as a matter of law sustaining the supplemental notice of

determination issued April 1, 2014.

An appropriate order and decision

will be entered.

_____

[3]The Court finds no special circumstances that would have justified SO2's acceptance of an offer more than $100,000 below petitioner's RCP.  Cf. sec. 301.7122-1(c)(3)(iii), Admin. & Proced. Regs. (providing that economic hardship may exist where taxpayer is unable to earn a living because of a long-term illness or disability or where liquidation of his assets would render him unable to meet basic living expenses).  Petitioner contends that the Government shutdown during October 2013 prevented him from continuing negotiations with SO2.  As noted in the text, an Appeals officer is not obligated to negotiate indefinitely; in any event, SO2 did not issue the supplemental determination letter until April 2014.