T.C. Memo. 2015-7

UNITED STATES TAX COURT

EUGENE JIM KIPP AND BILLIE JO KIPP, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18765-13L.                    Filed January 12, 2015.

Eugene Jim Kipp and Billie Jo Kipp, pro sese.

S. Mark Barnes, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, Judge: Pursuant to section 6330(d)(1),[1] petitioners seek review

of respondent's determination to proceed with collection by levy of their unpaid

Federal income tax for 2008, 2009, and 2011. The sole issue for decision is

_____

[1] Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect at all relevant times.

[*2] whether respondent abused his discretion in sustaining the proposed levy action for these years.

FINDINGS OF FACT

I.    Background

The tax liabilities at issue arose from self-reported underpayments on petitioners' Federal income tax returns for 2008, 2009, and 2011.  In 2011 petitioners submitted two separate offers-in-compromise (OICs) to the Internal Revenue Service (IRS) to settle their outstanding tax liabilities for 2008 and 2009.[2]  On February 9, 2011, the IRS returned the first OIC as not processable. On April 2, 2012, the IRS returned the second OIC for, among other reasons, failure to make estimated tax payments for the current tax year.[3]

On February 11, 2013, the IRS mailed petitioners Letter 1058A, Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing, with respect to their outstanding income tax liabilities for 2008, 2009, and 2011.  On February 26, 2013, the IRS received petitioners' Form 12153, Request for a Collection Due Process or Equivalent Hearing.  On that Form 12153 petitioners

_____

[2] Petitioners submitted both offers in 2011, so neither offer included the tax liability for 2011.

[3] By April 30, 2012, petitioners were aware that the second OIC had been returned.

[*3] indicated an interest in submitting an OIC and acknowledged that they owed the tax due.

II.     Collection Due Process (CDP) Hearing

On June 11, 2013, Settlement Officer Aaron Hansen of the IRS Office of Appeals (Appeals) mailed petitioners a letter stating that Appeals had received their request for a CDP hearing and scheduling a telephone CDP hearing for July 9, 2013.

In the letter Settlement Officer Hansen stated that he could consider collection alternatives, such as an installment agreement or an OIC, only if petitioners provided:  (1) a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals; (2) proof of estimated tax payments for 2013; and (3) a completed Form 656, Offer in Compromise, with the required fee, payments, and supporting documentation. Settlement Officer Hansen instructed petitioners to submit the listed items by June 25, 2013.  He also informed petitioners that they could request a face-to-face hearing by June 25, 2013.  Petitioners neither submitted the requested information nor requested a face-to-face hearing by June 25, 2013.

In the letter Settlement Officer Hansen instructed petitioners to call him at the scheduled hearing time.  Petitioners, however, did not call Settlement Officer

[*4] Hansen at the scheduled time because they mistakenly thought that Settlement Officer Hansen was supposed to initiate the call.  Approximately an hour after the scheduled time, petitioner husband realized his mistake and called Settlement Officer Hansen, but Settlement Officer Hansen did not answer.  Petitioner husband left a message on Settlement Officer Hansen's voicemail.  Settlement Officer Hansen called petitioners back about 30 minutes later, but they did not answer.  Settlement Officer Hansen left a message on their voicemail informing them that they had 14 days to respond.

On July 9, 2013, Settlement Officer Hansen mailed petitioners a letter offering them another opportunity to submit the requested information.  In the letter he informed petitioners that they had failed to submit the requested information by the original deadline and that he was extending the deadline to July 23, 2013.  Settlement Officer Hansen received a fax from petitioners dated July 11, 2013, of a partially completed Form 433-A.[4]  On July 12, 2013, petitioner husband called Settlement Officer Hansen to inform him that he had recently faxed in the Form 433-A, but Settlement Officer Hansen did not answer.  Settlement Officer Hansen called petitioners back, but petitioners did not answer, and he left a

---

[4] The Form 433-A did not include any of petitioner husband's income in the gross monthly income calculation.

**[\*5]** message with petitioners' son.  Petitioners and Settlement Officer Hansen made several more attempts to reach each other by phone but were unsuccessful each time.

Settlement Officer Hansen did not receive any further correspondence from petitioners.  As a result, he concluded that their prior fax and voicemail correspondence adequately constituted petitioners' CDP hearing.

Throughout the course of the CDP hearing, petitioners did not submit a written proposal for a collection alternative.  As noted above, petitioners submitted two OICs relating to 2008 and 2009, but both offers were returned to them more than a year before the CDP hearing.

On July 30, 2013, the IRS issued petitioners a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330.[5]  Petitioners, while residing in Montana, timely petitioned this Court for review of the determination.

---

[5] Before the notice of determination was issued, Settlement Officer Hansen verified that all legal and administrative requirements for collection had been met.

**[*6]** OPINION

I.    Statutory Framework

Section 6331(a) authorizes the Secretary to levy upon property and property rights of a taxpayer liable for tax if the taxpayer fails to pay the tax within 10 days after notice and demand for payment is made.  Section 6330(a) provides that no levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of the right to a hearing before the levy is made.

If a taxpayer requests a hearing in response to a notice of levy pursuant to section 6330, a hearing shall be held before an impartial officer or employee of Appeals.  Sec. 6330(b)(1), (3).  At the hearing the taxpayer may raise any relevant issue, including appropriate spousal defenses, challenges to the appropriateness of the collection action, and collection alternatives.  Sec. 6330(c)(2)(A).

Following a hearing Appeals must determine whether proceeding with the proposed levy action is appropriate.  In making that determination Appeals is required to take into consideration:  (1) verification presented by the Secretary during the hearing process that the requirements of applicable law and administrative procedure have been met, (2) relevant issues raised by the taxpayer, and (3) whether the proposed levy action appropriately balances the need for

**[*7]** efficient collection of taxes with the taxpayer's concerns regarding the intrusiveness of the proposed collection action. Sec. 6330(c)(3).

II.     Standard of Review

Section 6330(d)(1) grants this Court jurisdiction to review the determination made by Appeals in connection with the section 6330 hearing. Where, as here, the underlying tax liabilities are not at issue, we review the Commissioner's determination for abuse of discretion. See Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 182 (2000).

An abuse of discretion occurs when the exercise of discretion is arbitrary, capricious, or without sound basis in fact or law. Giamelli v. Commissioner, 129 T.C. 107, 111 (2007) (citing Sego v. Commissioner, 114 T.C. at 610, and Woodral v. Commissioner, 112 T.C. 19, 23 (1999)). Acting without a sound basis in fact or law means that an agency such as the IRS "makes an error of law * * * or rests its determination on a clearly erroneous finding of fact * * * [or] 'applies the correct law to facts which are not clearly erroneous but rules in an irrational manner.'" United States v. Sherburne, 249 F.3d 1121, 1125-1126 (9th Cir. 2001) (citations omitted) (quoting Friedkin v. Sternberg (In re Sternberg), 85 F.3d 1400, 1405 (9th Cir. 1996)); see also Cooter & Gell v. Hartmarx Corp, 496 U.S. 384, 402-403 (1990). In reviewing for abuse of discretion, we generally consider only the

**[\*8]** arguments, issues and other matters that were raised at the CDP hearing or otherwise brought to the attention of Appeals.  Giamelli v. Commissioner, 129 T.C. at 115; see also sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

III.    Determination To Sustain the Proposed Levy Action

Petitioners argue that Settlement Officer Hansen abused his discretion in denying a collection alternative.  Respondent argues that petitioners were ineligible for a collection alternative because they failed to provide the required forms and information.

It is not an abuse of discretion for Appeals to reject collection alternatives and sustain a proposed collection action when taxpayers do not submit the requested financial information.  See Balsamo v. Commissioner, T.C. Memo. 2012-109, slip op. at 10; Huntress v. Commissioner, T.C. Memo. 2009-161, slip op. at 12; Cavazos v. Commissioner, T.C. Memo. 2008-257, slip op. at 11. Additionally, it is not an abuse of discretion for Appeals to decline to consider a collection alternative where no written proposal is placed before the reviewing officer.  Kendricks v. Commissioner, 124 T.C. 69, 79 (2005).  Furthermore, we do not require the IRS to reopen an OIC that it returned to a taxpayer years before a CDP hearing commenced.  See Reed v. Commissioner, 141 T.C. 248, 254-256 (2013), supplemented by T.C. Memo. 2014-41.  Finally, it is not an abuse of

[*9] discretion for Appeals to consider a taxpayer ineligible for an OIC on the ground that the taxpayer is not in compliance with current tax obligations. See Giamelli v. Commissioner, 129 T.C. at 111-112; Internal Revenue Manual pt. 5.8.7.2.2.2 (May 10, 2011).

On Form 12153 petitioners indicated an interest in submitting an OIC. At the hearing, however, petitioners did not submit a Form 656 for an OIC. Although petitioners had submitted two OICs to the IRS, they were both disposed of more than a year before the commencement of the CDP hearing. Thus, petitioners had no outstanding requests for any collection alternative for Settlement Officer Hansen to consider. Petitioners assert that they did not submit a Form 656 to Settlement Officer Hansen because they had been waiting for the IRS to respond to their previously submitted OIC. The record shows, however, that by April 30, 2012, petitioners were aware that the IRS had returned their previously submitted OIC. Furthermore, petitioners submitted an incomplete Form 433-A and did not provide proof of estimated tax payments for 2013. Given that petitioners did not submit (1) Form 656, (2) adequate financial information, and (3) proof of estimated tax payments for 2013, we cannot find that Settlement Officer Hansen abused his discretion in denying a collection alternative.

[*10] Petitioners also argue that Settlement Officer Hansen abused his discretion in concluding that the correspondence between him and petitioners constituted a proper CDP hearing. We disagree. A CDP hearing is an informal proceeding, not a formal adjudication. Katz v. Commissioner, 115 T.C. 329, 337 (2000); Davis v. Commissioner, 115 T.C. 35, 41 (2000); sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs. Although a CDP hearing may occur face-to-face, a proper hearing may also occur by telephone or by correspondence. Katz v. Commissioner, 115 T.C. at 337-338; Barry v. Commissioner, T.C. Memo. 2011-127, slip op. at 11-12. Once a taxpayer has been given a reasonable opportunity for a hearing but does not avail himself of that opportunity, the Appeals officer may make a determination based on the administrative file. Calafati v. Commissioner, 127 T.C. 219, 223 (2006).

Petitioners did not request a face-to-face hearing. Settlement Officer Hansen scheduled a telephone CDP hearing for petitioners and, when they did not call in, gave them a final opportunity to submit the requested information by extending the deadline. Settlement Officer Hansen gave petitioners multiple opportunities to contest the proposed levy, but petitioners did not take advantage of these opportunities. Thus, we find that the correspondence hearing in this case constituted a proper CDP hearing.

**[*11]** Finally, petitioner husband argues in his posttrial brief that his posttraumatic stress disorder (PTSD) prevents him from functioning and causes unwarranted consequences. However, petitioner husband presented no facts of his PTSD at trial, and there is nothing in the administrative record that indicates that he mentioned his condition at any time during the Appeals process. Even if we were to accept that petitioner husband suffers from PTSD, we do not have authority to consider section 6330(c)(2) issues that were not raised before Appeals. See Giamelli v. Commissioner, 129 T.C. at 115; Magana v. Commissioner, 118 T.C. 488, 493 (2002).

The record reflects that Settlement Officer Hansen determined that the requirements of applicable law and administrative procedure were met and concluded that sustaining the proposed levy action appropriately balanced the need for efficient collection of taxes with petitioners' interest in a collection alternative. Accordingly, we hold that respondent did not abuse his discretion in sustaining the proposed levy action.

**[*12]** In reaching our holding, we have considered all arguments made, and to the extent not mentioned, we consider them irrelevant, moot, or without merit.

To reflect the foregoing,

Decision will be entered for

respondent.