T.C. Memo. 2019-43

UNITED STATES TAX COURT

COASTAL LUXURY MANAGEMENT INC., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24206-16L.                    Filed April 29, 2019.

Timothy S. Vick and Jeannette K. Witten, for petitioner.

Jeffery D. Rice and Janice B. Geier, for respondent.

MEMORANDUM OPINION

VASQUEZ, Judge: In this collection due process (CDP) case, petitioner

seeks review pursuant to section 6330(d)(1)[1] of the determination by the Internal

_____

[1]All section references are to the Internal Revenue Code in effect at all
relevant times, and all Rule references are to the Tax Court Rules of Practice and
Procedure.

[*2] Revenue Service (IRS or respondent) to uphold a notice of intent to levy. The issue for decision is whether respondent's settlement officer (SO) abused her discretion in rejecting petitioner's proposed installment agreement and sustaining the proposed collection action.

## Background

Some of the facts have been stipulated and are so found. We incorporate the stipulation of facts and the attached exhibits by this reference. Petitioner is a hospitality management company that operates food and wine festivals in California. At the time the petition was timely filed, petitioner's principal place of business was California. Petitioner's chief executive officer was David Bernahl at all relevant times.

This case relates to petitioner's outstanding tax liabilities from Forms 940, Employer's Annual Federal Unemployment (FUTA) Tax Return, for tax years 2011 and 2012. Also at issue are petitioner's outstanding employment tax liabilities from Forms 941, Employer's Quarterly Federal Tax Return, for the following quarters:

| [*3] Mar. 31 | June 30 | Sept. 30 | Dec. 31 |
|---|---|---|---|
| --- | --- | 2012 | 2012 |
| 2013 | 2013 | 2013 | 2013 |
| 2014 | 2014 | 2014 | 2014 |

On October 27, 2015, respondent mailed petitioner a Letter 1058, Final Notice–Notice of Intent to Levy and Notice of Your Right to a Hearing, for the Form 940 and Form 941 liabilities. According to the Letter 1058, petitioner's liabilities totaled $1,403,904.33.

Petitioner timely submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing. Therein petitioner's counsel checked the box for an installment agreement and did not dispute the underlying liabilities or request any other relief. Petitioner's counsel also stated on the form that petitioner was behind on its tax obligations because an employee had embezzled funds.

Petitioner's case was assigned to SO Deborah J. Cartwright. In a letter to petitioner dated January 6, 2016, SO Cartwright scheduled a CDP hearing for March 10, 2016. SO Cartwright's letter advised petitioner that to qualify for a collection alternative it had to provide to her, at least 14 days before the hearing, the following: (1) a completed Form 433-B, Collection Information Statement for Businesses, (2) petitioner's Form 940 for 2013, and (3) evidence that it had made

**[\*4]** the required Federal employment tax deposits for the current taxable period. Petitioner did not provide SO Cartwright any of the requested documents before the scheduled hearing.

On March 10, 2016, SO Cartwright conducted a telephone hearing with petitioner's counsel. SO Cartwright advised petitioner's counsel that petitioner needed to provide the SO with its missing tax returns,[2] Form 433-B, and installment agreement proposal. SO Cartwright set a deadline of April 11, 2016, for providing the documents. Later that day petitioner's counsel faxed SO Cartwright a completed Form 433-B and copies of the requested tax returns. Over the next few weeks, SO Cartwright and petitioner's counsel had numerous exchanges regarding additional missing tax returns. Petitioner's counsel provided SO Cartwright copies of the requested returns.

On June 2, 2016, SO Cartwright made a preliminary determination that petitioner was in filing compliance. However, petitioner had yet to provide her with a specific installment agreement proposal. In a letter to petitioner dated June 2, 2016, SO Cartwright requested a proposal with "a specific dollar amount". On

---

[2]SO Cartwright's prehearing review of respondent's records indicated that petitioner had failed to file several returns.

**[*5]** June 20, 2016, SO Cartwright received a fax from petitioner's counsel proposing a monthly payment of $500.

In September 2016 SO Cartwright reviewed petitioner's Federal tax deposit compliance. According to respondent's records, petitioner had not made any Federal tax deposits for its employment tax liability for the period ending September 30, 2016 (9/30/2016 deposits). In a letter to petitioner dated September 12, 2016, SO Cartwright requested proof that petitioner either had made the 9/30/2016 deposits or was not required to make them. SO Cartwright set a deadline of September 26, 2016. A week later, SO Cartwright received a fax from petitioner's counsel requesting a status update on the proposed payment plan. The fax did not mention the 9/30/2016 deposits.

On September 20, 2016, SO Cartwright faxed petitioner's counsel another letter requesting information about the 9/30/2016 deposits. SO Cartwright stated in her letter that petitioner had been assessed a Federal tax deposit penalty for the previous quarter ending June 30, 2016, and owed a large balance for that quarter. She reminded petitioner's counsel of the September 26, 2016, deadline and stated that she would issue a closing letter if she did not receive information by that date. The following day petitioner's counsel called SO Cartwright and requested a one-

[*6] week extension to allow time for petitioner to catch up on the 9/30/2016 deposits.[3] SO Cartwright granted the extension.

SO Cartwright received no further word from petitioner or its counsel. On October 4, 2016, the SO reviewed respondent's computer records and saw that no deposits had been made. SO Cartwright verified that the assessments of the liabilities at issue were properly made and that all other requirements of applicable law and administrative procedure had been met. She closed the case and issued to petitioner a notice of determination dated October 12, 2016, sustaining the notice of intent to levy.

Petitioner timely petitioned this Court with respect to the notice of determination. After the case was tried in San Francisco, California, the Court ordered the parties to file simultaneous briefs. Respondent timely filed a simultaneous opening brief. Petitioner, which is represented by counsel, failed to file a brief as directed by the Court.[4]

---

[3]Petitioner's counsel stated that petitioner was attempting to sell an asset, the proceeds of which would cover its current deposit obligations and a portion of its outstanding tax liabilities.

[4]When a party fails to file a brief, such a failure has been held by this Court to justify the dismissal of all issues as to which the nonfiling party has the burden of proof. See Rule 123; Stringer v. Commissioner, 84 T.C. 693 (1985), aff'd without published opinion, 789 F.2d 917 (4th Cir. 1986). Nevertheless, we will

(continued...)

**[*7]**                              Discussion

I.       Standard and Scope of Review

Section 6330(d)(1) does not prescribe the standard of review that this Court should apply in reviewing an administrative determination in a CDP case.  The general parameters for such review are marked out by our precedents.  Where the validity of the underlying tax liability is at issue, the Court reviews the Commissioner's determination de novo.  Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  Where, as here, the underlying tax liability is not at issue, the Court reviews the Commissioner's determination for abuse of discretion.  See id. at 182.  Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law.  See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

The Court of Appeals for the Ninth Circuit, to which an appeal in this case would lie absent a stipulation to the contrary, has limited the review of the administrative determinations in CDP hearings to the administrative record.  See Keller v. Commissioner, 568 F.3d 710, 718 (9th Cir. 2009) ("[O]ur review is confined to the record at the time the Commissioner's decision was rendered."),

---

[4](...continued)
exercise our discretion not to do so here and instead proceed on the merits.

[*8] aff'g in part as to this issue T.C. Memo. 2006-166 and aff'g in part, vacating in part decisions in related cases. Accordingly, we will not look beyond the administrative record in deciding whether SO Cartwright abused her discretion in sustaining the notice of intent to levy.

II.    Analysis

In deciding whether the SO abused her discretion in sustaining the proposed collection action, the Court considers whether she: (1) properly verified that the requirements of any applicable law or administrative procedure have been met, (2) considered any relevant issues petitioner raised, and (3) determined whether "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of * * * [petitioner] that any collection action be no more intrusive than necessary." See sec. 6330(c)(3). Our review of the record reveals that SO Cartwright properly discharged all of her responsibilities under section 6330(c).

In its hearing request petitioner expressed interest in a collection alternative, specifically, an installment agreement. Section 6159 authorizes the Commissioner to enter into an installment agreement if he determines that it will facilitate full or partial collection of a taxpayer's unpaid liability. See Thompson v. Commissioner, 140 T.C. 173, 179 (2013). Subject to exceptions not relevant here,

[*9] the decision to accept or reject an installment agreement lies within the Commissioner's discretion. See sec. 301.6159-1(a), (c)(1)(i), Proced. & Admin. Regs.; see also Rebuck v. Commissioner, T.C. Memo. 2016-3; Kuretski v. Commissioner, T.C. Memo. 2012-262, aff'd, 755 F.3d 929 (D.C. Cir. 2014). In reviewing the SO's determination we do not independently evaluate what would be an acceptable collection alternative. Thompson v. Commissioner, 140 T.C. at 179; Murphy v. Commissioner, 125 T.C. at 320; Lipson v. Commissioner, T.C. Memo. 2012-252. Rather, our review is limited to determining whether SO Cartwright abused her discretion, that is, whether her decision to reject petitioner's proposal was arbitrary, capricious, or without sound basis in fact or law. See Thompson v. Commissioner, 140 T.C. at 179; Murphy v. Commissioner, 125 T.C. at 320.

In rejecting petitioner's proposed installment agreement, SO Cartwright noted that petitioner was not in compliance with its current Federal employment tax deposit obligations. Established IRS policy requires taxpayers to be in compliance with current filing and estimated tax payment requirements to be eligible for collection alternatives. See Reed v. Commissioner, 141 T.C. 248, 256-257 (2013). Generally, current compliance with tax laws is a prerequisite to being eligible for collection alternatives. See Cox v. Commissioner, 126 T.C. 237,

**[\*10]** 257 (2006), <u>rev'd on other grounds</u>, 514 F.3d 1119 (10th Cir. 2008). Accordingly, SO Cartwright was well within her discretion to reject petitioner's request for an installment agreement for its failure to remain in compliance with current tax obligations.  <u>See</u> <u>Giamelli v. Commissioner</u>, 129 T.C. 107, 111-112 (2007); <u>see also</u> <u>Christopher Cross, Inc. v. United States</u>, 461 F.3d 610, 613 (5th Cir. 2006) (finding no abuse of discretion when SO rejected offer in compromise because taxpayer was not in compliance with its tax payment obligations); <u>Reed v. Commissioner</u>, 141 T.C. at 257 (same).

In its pretrial memorandum petitioner argues that SO Cartwright contributed to petitioner's inability to stay current on its employment tax deposit obligations by refusing to consider petitioner's "financial quagmire".  <u>See</u> <u>Alessio Azzari, Inc. v. Commissioner</u>, 136 T.C. 178, 193-194 (2011) (holding that SO's rejection of taxpayer's installment agreement request for failure to make Federal tax deposits was an abuse of discretion because SO's misinterpretation of law interfered with taxpayer's ability to make deposits).  Having failed to raise this argument on brief, petitioner has abandoned it.  <u>See</u> <u>Thiessen v. Commissioner</u>, 146 T.C. 100, 106

**[\*11]** (2016) ("[I]ssues and arguments not advanced on brief are considered to be abandoned.").[5]

Finding no abuse of discretion in any respect, we will sustain the proposed collection action.

In reaching our holding, we have considered all arguments made, and to the extent not mentioned, we consider them irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.

---

[5]In any event the administrative record establishes that SO Cartwright considered petitioner's financial circumstances and granted petitioner's counsel's request for a one-week extension of the deadline for submitting information about the 9/30/2016 deposits. Petitioner did not make the deposits or contact SO Cartwright by the extended deadline. Under these circumstances SO Cartwright acted well within her discretion to close the case and sustain the proposed collection action.