[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 21, 2009
THOMAS K. KAHN
CLERK

No. 08-13989
Non-Argument Calendar

_____

D. C. Docket No. 07-01878-CV-ORL-31GJK

ALLEN C. SANDE,
LISA A. SANDE,

Plaintiffs-Appellants,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 21, 2009)

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Plaintiffs Allen C. and Lisa A. Sande are taxpayers suing the United States, pursuant to 26 U.S.C. § 7433, in connection with the filing of a Notice of Federal Tax Lien.  Section 7433 authorizes a damages action if an Internal Revenue Service ("IRS") officer or employee intentionally, recklessly or negligently disregards the Internal Revenue Code ("IRC") or IRS regulations "in connection with any collection of Federal tax."  26 U.S.C. § 7433(a).  The district court granted the United States' motion to dismiss Plaintiffs' amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  After review, we affirm.[1]

## I.  BACKGROUND

On December 20, 2004, after conducting an audit, the IRS assessed additional income tax in the amount of $22,019.00 against Plaintiffs for the 1997 tax year.  The IRS also imposed a fraud penalty of $16,514.25.  On November 30, 2005,[2] the IRS filed a Notice of Federal Tax Lien against Plaintiffs in conjunction

---

[1]We review de novo a district court's dismissal of a complaint pursuant to Rule 12(b)(6). United Techs. Corp. v. Mazer, 556 F.3d 1260, 1269 (11th Cir. 2009).  In so doing, we accept the factual allegations in the complaint as true and construe them in a light most favorable to the non-moving party.  Id.  Dismissal is appropriate only if the plaintiff's factual allegations "'raise a right to relief above the speculative level.'"  Id. at 1270 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1965 (2007)).

[2]Although Plaintiffs' amended complaint alleges that the Notice of Filing Tax Lien was filed on November 18, 2005, the copy of the Notice attached to the amended complaint is stamped filed on November 30, 2005.

with the 1997 tax-year assessment and penalty in the Volusia County Clerk's Office.[3]

On November 12, 2007, Plaintiffs filed an administrative claim for damages under § 7433 with the IRS challenging its filing of the Notice of Federal Tax Lien as to the 1997 tax-year assessment. Plaintiffs claimed that the filing of the Notice caused Mr. Sande's drywall company $1,800,000.00 in lost income and sought $1,000,000.00 in damages. The basis for the Plaintiffs' § 7433 administrative claim was that the Notice of Federal Tax Lien was wrongfully filed because the underlying assessment was made more than three years after the filing of their December 30, 2000 amended return for tax year 1997. The IRS denied Plaintiffs' administrative claim.

Plaintiffs filed this action in district court asserting a § 7433 claim. After Plaintiffs' original complaint was dismissed without prejudice for failure to state a claim, Plaintiffs filed an amended complaint repleading their § 7433 claim. According to the amended complaint:

> <u>Because there was no tax liability of the Plaintiffs in this matter</u> and because officer(s) and/or employee(s) of the IRS recklessly or intentionally, or by reason of negligence disregarded IRC §6321 [by reason of no tax liability of the Plaintiffs] by filing an unlawful

---

[3]The Notice of Federal Tax Lien also listed assessments for tax years 1998, 1999 and 2000 totaling $156,432.89; $99,966.44 and $181,505.61, respectively.

3

Notice of Federal Tax Lien against the Plaintiffs, the Plaintiffs have a cause of action for damages against the Defendant as set forth further in this action.

Pls.' Compl. ¶ 4 (emphasis added, brackets in original). The amended complaint explained that the assessment for the 1997 tax year was not "lawfully collectable from Plaintiffs" because it was "completed in excess of the three (3) year statute of limitation period for the assessment" as provided in 26 U.S.C. § 6501. Id. ¶¶ 18-21. Thus, "any collection activity by the IRS" was also "time-barred." Id. ¶ 19. Plaintiffs' amended complaint did not state any other ground on which the Notice was unlawful.

The district court granted the United States' Rule 12(b)(6) motion and dismissed the amended complaint for failure to state a claim. The district court concluded that Plaintiffs' amended complaint was "seeking to challenge the assessment of their taxes, not the collection, as the only impropriety alleged is that the Defendant is seeking to collect a tax debt that they do not owe." Because § 7433 provides a remedy only for improper collection activities, the district court dismissed the amended complaint with prejudice. Plaintiffs appealed.

## II. DISCUSSION

As noted above, § 7433 authorizes a damages claim where an IRS officer or employee intentionally, recklessly or negligently disregards the IRC or IRS

4

regulations "in connection with any <u>collection</u> of Federal tax."[4]  26 U.S.C. §

7433(a) (emphasis added).  The parties agree that § 7433 provides a remedy only

for improper collection activities, not for an improper assessment of taxes.  Thus,

courts have not permitted a taxpayer's § 7433 damages action when the gravamen

of the claim is that the IRS improperly assessed tax liability.  <u>See, e.g.</u>, <u>Miller v.</u>

<u>United States</u>, 66 F.3d 220, 222-23 (9th Cir. 1995); <u>Shaw v. United States</u>, 20 F.3d

182, 184 (5th Cir. 1994); <u>Gonsalves v. IRS</u>, 975 F.2d 13, 16 (1st Cir. 1992).[5]  The

only question presented in this appeal is whether the allegedly wrongful filing of

the Notice of Federal Tax Lien was a collection activity cognizable under § 7433.

Although the act of filing a Notice of Federal Tax Lien is in connection

with tax collection, the error Plaintiffs asserted in their amended complaint was

not a procedural one.  That is, Plaintiffs did not allege that the IRS failed to follow

---

[4]Section 7433(a) states:
If, in connection with any collection of Federal tax with respect to a taxpayer, any
officer or employee of the Internal Revenue Service recklessly or intentionally, or
by reason of negligence disregards any provision of this title, or any regulation
promulgated under this title, such taxpayer may bring a civil action for damages
against the United States in a district court of the United States.
26 U.S.C. § 7433(a).

[5]An assessment is made by the recording of a taxpayer's liability in the office of the
Secretary of the IRS.  <u>See</u> 26 U.S.C. § 6203; <u>Hibbs v. Winn</u>, 542 U.S. 88, 101, 124 S. Ct. 2276,
2285-86 (2004) (defining "assessment" as "the official recording of liability that triggers levy and
collection efforts").  An assessment by necessity precedes any collection activity.  <u>See</u> 26 U.S.C.
§ 6303(a) (providing that notice and demand for payment, which begins the IRS's collection
process, occurs after an assessment is made).

the proper procedures in either the IRC or IRS regulations for filing a lien notice. See, e.g., 26 U.S.C. § 6323 (outlining procedural requirements for the filing of certain notices of liens); 26 C.F.R. § 301.6323(a)-1 to (j)-1 (same).[6] Rather, Plaintiffs contended that the Notice of Federal Tax Lien was "unlawful" because the underlying tax assessment was barred by the three-year statute of limitations in 26 U.S.C. § 6501(a).[7] Therefore, the essence of Plaintiffs' claim is that no taxes were owed and not that the procedures used to collect the unpaid taxes were improper.

Plaintiffs cite 26 U.S.C. § 6321, which is found in the collection portion of the IRC and provides:

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

---

[6]Notably, the IRC and IRS regulations provide for an administrative appeal of an erroneous filing of a notice of federal tax lien and judicial review of the agency's determination. See 26 U.S.C. §§ 6326(a), 6330(d); 26 C.F.R. § 301.6326-1. It does not appear from the record that Plaintiffs availed themselves of this avenue for review. Instead, Plaintiffs filed an administrative claim pursuant to 26 C.F.R. § 301.7433-1, the regulation regarding unauthorized collection actions.

[7]The United States argues that § 6501(a)'s three-year limitations period did not apply in Plaintiffs' assessment because it arose out of taxpayer fraud. See 26 U.S.C. § 6501(c)(1) (providing that tax may be assessed "at any time" in a case of a fraudulent tax return). Because the validity of the underlying assessment is not at issue in a § 7433 proceeding, we need not address this issue.

6

26 U.S.C. § 6321. Plaintiffs argue that by filing the Notice of Federal Tax Lien when Plaintiffs were not in fact "liable to pay any tax," IRS officials disregarded § 6321. However, § 6321 creates a statutory lien that arises automatically once an assessment is made and the IRS gives notice and demands payment. See 26 U.S.C. §§ 6303(a), 6322 (providing that the lien imposed by § 6321 arises "at the time the assessment is made," after which the IRS gives notice of the amount due and demands payment).[8] It does not govern the conduct of any IRS official or employee in filing a notice of the tax lien or in attempting to collect the taxes owed and, thus, cannot be the basis for a § 7433 claim. To hold otherwise would eviscerate the distinction between claims for wrongful assessment and claims for wrongful collection. When a taxpayer fails to pay a tax assessment after the IRS gives notice and makes a demand, the mere filing of a Notice of Federal Tax Lien in a manner that conforms to the procedures outlined in the code and regulations is not actionable under § 7433.

For the first time on appeal, Plaintiffs offer two alternative grounds for why the Notice of Federal Tax Lien was wrongfully filed: (1) the Notice was premature under 26 U.S.C. § 6323(j) because Plaintiffs had submitted several amended tax

---

[8]Plaintiffs do not argue that the IRS failed to comply with the notice and demand requirements of § 6303(a), and exhibits attached to the amended complaint indicate that the IRS gave Plaintiffs notice before filing the Notice of Federal Tax Lien.

returns that resulted in a credit that could have been used to satisfy the tax liability; and (2) the Notice should not have been filed while Plaintiffs' application to the Office of the Taxpayer Advocate, pursuant to 26 U.S.C. § 7811, for a taxpayer assistance order was pending. Because Plaintiffs did not raise these claims before the IRS, they failed to exhaust their administrative remedies with respect to them. See 26 U.S.C. § 7433(d) (imposing a mandatory exhaustion requirement); 26 C.F.R. § 301.7433-1(d).[9] Additionally, we do not address arguments that were not raised in the district court. See McGinnis v. Ingram Equip. Co., Inc., 918 F.2d 1491, 1495 (11th Cir. 1990). Accordingly, we do not address Plaintiffs' alternative arguments.

For all the foregoing reasons, the district court properly concluded that Plaintiffs' amended complaint failed to state a claim under § 7433. Thus, the district court did not err in granting the United States' Rule 12(b)(6) motion to dismiss.

**AFFIRMED.**

---

[9]We reject Plaintiffs contention that these alternative arguments fall within their allegation that the Notice of Filing Tax Lien was "time-barred." In both the IRS administrative appeal and the district court proceedings, Plaintiffs' only time-bar argument was in relation to the three-year statute of limitations found in 26 U.S.C. § 6501.