T.C. Memo. 2018-185

UNITED STATES TAX COURT

CRAIG DOUGLAS HOGLUND AND CHRISTINE JOAN HOGLUND,
Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17639-17L.                    Filed November 5, 2018.

Craig Douglas Hoglund and Christine Joan Hoglund, pro sese.

Michael T. Garrett, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, Judge:  This collection due process (CDP) case was
commenced in response to three Notices of Determination Concerning Collection
Action(s) Under Section 6320 and/or 6330 (notices of determination) upholding
proposed levy collection actions regarding petitioners' unpaid tax liabilities for tax

[*2] years 2013 and 2014 (years at issue). The issue for our consideration is whether respondent's determination to proceed with the collection actions regarding petitioners' unpaid tax liabilities for the years at issue was proper.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

## FINDINGS OF FACT

Mr. Hoglund and Dr. Hoglund (together, petitioners) resided in North Dakota when the petition was timely filed. Mr. Hoglund worked in oil field services, and Dr. Hoglund was a physician.

Petitioners timely filed their initial 2013 Form 1040, U.S. Individual Income Tax Return, which reflected no income tax due. Respondent determined that petitioners' 2013 return contained errors and selected the return for examination. Respondent thereafter expanded the examination to include the 2014 tax year.

Respondent filed a substitute 2014 return for petitioners on February 29, 2016. On July 18, 2016, petitioners filed an amended Form 1040 for 2013 and an original Form 1040 for 2014. Respondent accepted petitioners' 2013 Form 1040

[*3] as an amended return and accepted the 2014 Form 1040 as an original, delinquent return.

On their 2013 amended income tax return petitioners reported a tax liability of $114,340, Federal tax withholdings of $72,384, and a balance due of $41,956. Respondent accepted and assessed petitioners' reported tax liability of $114,340 and applied a Federal tax withholding credit of $74,257 against that tax liability.

During the examination of petitioners' 2013 return respondent determined that petitioners were liable for a section 6662 accuracy-related penalty of $3,983 and a section 6654 addition to tax of $533. The section 6662 accuracy-related penalty was approved by the examination officer's immediate supervisor. On July 5, 2017, petitioners consented to both the section 6662 accuracy-related penalty and the section 6654 addition to tax.

On their 2014 Form 1040 petitioners reported a tax liability of $121,452, Federal tax withholdings of $72,812, and a balance due of $49,366. Respondent accepted and assessed petitioners' reported tax liability of $121,452 and applied a Federal tax withholding credit of $74,679 against that tax liability. On October 31, 2016, respondent assessed an addition to tax under section 6651(a)(1) of $10,044, an addition to tax under section 6651(a)(2) of $4,443, an addition to tax under section 6654 of $653, and accrued interest of $2,888.

**[\*4]**   On March 13, 2017, respondent issued petitioners separate notices of intent to levy for years 2006, 2007, and 2013.[1]   Only Mr. Hoglund was issued a notice of intent to levy for 2014.   Petitioners submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing, and a related administrative claim letter, both dated March 17, 2017.   Their Form 12153 indicated that they were requesting a hearing for 2006, 2007, 2013, and 2014.   Petitioners did not propose any collection alternatives.

Petitioners' administrative claim letter contended that they were entitled to civil damages under section 7433, which offset their total outstanding tax liability. Respondent rejected petitioners' section 7433 claim and advised them of their need to file such claim in the appropriate Federal District Court.

The Appeals officer sent petitioners a letter scheduling a telephone CDP hearing for June 21, 2017.   This letter asked for a completed Form 433-A,

---

[1]Tax years 2006 and 2007 were addressed in a prior Tax Court case (Hoglund v. Commissioner, T.C. Dkt. No. 18823-16L (final disposition May 14, 2018)).   A taxpayer is entitled to only one CDP hearing regarding the first issuance of a levy notice for a given period or periods with respect to the unpaid tax shown on the levy notice if the taxpayer timely requests such a hearing.   Secs. 301.6320-1(b)(1), 301.6330-1(b)(1) and (2), Proced. & Admin. Regs.; see also Orum v. Commissioner, 123 T.C. 1, 10 (2004), aff'd, 412 F.3d 819 (7th Cir. 2005).

[*5] Collection Information Statement for Wage Earners and Self-Employed Individuals, and completed income tax returns for 2015 and 2016.

Before the scheduled CDP telephone conference petitioners contacted the Appeals officer on May 23, 2017, to request a face-to-face hearing. Petitioners were advised on June 1, 2017, that they did not qualify for a face-to-face hearing because they had not submitted the financial documentation requested on Form 433-A and they were not in compliance with their Federal tax filings for 2015 and 2016. Petitioners did not contact the Appeals officer on the date of their scheduled CDP telephone conference. The Appeals officer verified that the requirements of applicable law and administrative procedure had been met.

Accordingly, the Appeals officer sustained the proposed levies against petitioners. On July 18, 2017, respondent issued the following notices of determination: a notice to Mr. Hoglund for 2013, a notice to Dr. Hoglund for 2013, and a notice to Mr. Hoglund for 2014. In their petition, petitioners raised the issue that they were not allowed to have an in-person CDP hearing.

OPINION

Section 6330 requires the Secretary to furnish a person notice and opportunity for a hearing before an impartial officer or employee of the Internal Revenue Service (IRS) Appeals Office before levying on the person's property.

**[*6]** At the hearing the person may raise any relevant issue relating to the unpaid tax or the proposed levy, including spousal defenses, challenges to the appropriateness of the collection action, and offers of collection alternatives. Sec. 6330(c)(2). The person may challenge the existence or the amount of the underlying tax liability for any period only if the person did not receive a notice of deficiency or did not otherwise have an opportunity to dispute the liability. Sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. 604, 609 (2000).

Following a hearing the Appeals officer must determine whether proceeding with the proposed levy action is appropriate. In making that determination the Appeals officer is required to take into consideration: (1) whether the requirements of any applicable law or administrative procedure have been met, (2) any issues appropriately raised by the taxpayer, and (3) whether the proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. Sec. 6330(c)(3); see also Lunsford v. Commissioner, 117 T.C. 183, 184 (2001). We note that the Appeals officer properly based her determination on the factors specified by section 6330(c)(3).

**[*7]** I.      <u>Standard of Review</u>

Once the Commissioner issues a notice of determination, the taxpayer may seek review in this Court. Sec. 6330(d)(1). Where the validity of the underlying tax liability is properly at issue, we review the determination de novo. <u>Sego v. Commissioner</u>, 114 T.C. at 610; <u>Goza v. Commissioner</u>, 114 T.C. 176, 181-182 (2000). In a collection case where the validity of the underlying tax liability is properly at issue, the burden of proof, including the burden of going forward with evidence, is on the taxpayer to show that the Commissioner's determination of liability is incorrect. <u>See</u> Rule 142(a); <u>Thompson v. Commissioner</u>, 140 T.C. 173, 178 (2013). The term "underlying tax liability" in section 6330(c)(2)(B) includes any amount owed by the taxpayer pursuant to the tax laws, including additions to tax and interest. <u>See</u> <u>Katz v. Commissioner</u>, 115 T.C. 329, 339 (2000).

We review the Appeals officer's administrative determinations regarding nonliability issues for abuse of discretion. <u>Sego v. Commissioner</u>, 114 T.C. at 610. Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. <u>See</u> <u>Murphy v. Commissioner</u>, 125 T.C. 301, 320 (2005), <u>aff'd</u>, 469 F.3d 27 (1st Cir. 2006). The Court does not conduct an independent review and substitute its judgment for that of the Appeals officer. <u>Id.</u> If the Appeals officer follows all statutory and administrative guidelines and

**[\*8]** provides a reasoned, balanced decision, the Court will not reweigh the equities. Link v. Commissioner, T.C. Memo. 2013-53, at \*12.

## II.    Underlying Tax Liability

Respondent assessed petitioners' tax liabilities on the basis of their Forms 1040 for the years at issue. Accordingly, petitioners did not have an opportunity to dispute their tax liabilities until the CDP hearing. To dispute the underlying tax liability, a taxpayer must have raised the merits of the underlying tax liability during the CDP hearing. Giamelli v. Commissioner, 129 T.C. 107, 112-116 (2007); see also sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

Other than their purported claim for damages under section 7433 articulated in their administrative claim letter, petitioners did not participate in the CDP hearing or challenge their underlying tax liabilities. Petitioners further failed to make any specific contentions or to proffer any evidence before the Court showing why respondent's liability determinations were incorrect.

Petitioners contend they are entitled to damages under section 7433 and that this claim offsets their tax liabilities for the years at issue. The issue of whether petitioners are entitled to damages under section 7433 is not properly before this Court. See Zapara v. Commissioner, 126 T.C. 215, 226 (2006), aff'd, 652 F.3d 1042 (9th Cir. 2011). The Tax Court is a court of limited jurisdiction, possessing

**[*9]** only the adjudicatory powers that Congress has conferred upon it. Sec. 7442; Naftel v. Commissioner, 85 T.C. 527, 529 (1985). Even if such a claim were properly before this Court and were allowed or undisputed by respondent, it would neither affect the validity of the underlying tax liabilities nor serve to offset them. See Morrow v. United States, 723 F. Supp. 2d 71, 80 (D.D.C. 2010); Sande v. United States, 323 F. App'x 812, 814 (11th Cir. 2009). We conclude that there are no changes to the underlying tax liabilities.

III.    Abuse of Discretion

Petitioners contend that respondent's determination constitutes an abuse of discretion. In deciding whether the Appeals officer abused her discretion in sustaining the notice of levy filing, we consider whether she: (1) properly verified that the requirements of any applicable law or administrative procedure have been met, (2) considered any relevant issues petitioners raised, and (3) determined whether "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." Sec. 6330(c); Lunsford v. Commissioner, 117 T.C. at 184.

During the CDP hearing the Appeals officer verified that respondent properly assessed petitioners' Federal tax liabilities for the years at issue.

[*10] Respondent's examination officer obtained written approval in assessing the section 6662 accuracy-related penalty for 2013. Additionally, petitioners consented to the section 6662 accuracy-related penalty and the section 6654 addition to tax for the 2013 tax year before the CDP hearing.

As a part of the CDP hearing the Appeals officer considered all relevant issues petitioners raised. Other than the administrative claim letter, petitioners did not submit any information to the Appeals officer. Petitioners did not submit any evidence that the liabilities reflected on their returns for the years at issue were incorrect or evidence of any previous year's overpayment available to offset the tax liabilities for the years at issue.

Petitioners did not provide the Appeals officer with any collection alternatives. Additionally, petitioners failed to file their Forms 1040 for the subsequent tax years. It is not an abuse of discretion for an Appeals officer to reject a collection alternative where a taxpayer fails to meet current filing obligations. See Reed v. Commissioner, 141 T.C. 248, 256-257 (2013). Similarly, it is not an abuse of discretion for an Appeals officer to decline to consider a collection alternative where the taxpayer does not place a specific proposal on the table. See McLaine v. Commissioner, 138 T.C. 228, 243 (2012); Kendricks v. Commissioner, 124 T.C. 69, 79 (2005).

**[\*11]** Petitioners further contend that the Appeals officer abused her discretion because she did not provide them with a face-to-face CDP hearing. CDP hearings are informal and there is no requirement to conduct as a face-to-face hearing. Sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs.; see also Katz v. Commissioner, 115 T.C. at 337-338.

Although the Appeals officer requested financial documentation, petitioners did not provide the requested information because of their purported belief that the Appeals officer had access to other documents they had previously submitted to respondent. Petitioners assert that they had previously submitted all of the requested documentation to another employee of the IRS and that they should not have to continually provide documentation to other employees in different offices. A taxpayer is "expected to provide all relevant information requested by Appeals, including financial statements, for its consideration of the facts and issues involved in the hearing." See sec. 301.6330-1(e)(1), Proced. & Admin. Regs. The Appeals officer did not abuse her discretion by rejecting petitioners' request for a face-to-face CDP hearing in favor of a combined telephone- and correspondence-based CDP hearing.

If no face-to-face, telephone, or other oral communication takes place, review of the documents in the case file will constitute the CDP hearing for

[*12] purposes of section 6330(b). Sec. 301.6330-1(d)(2), Q&A-D7, Proced. & Admin. Regs. The record confirms that petitioners and the Appeals officer exchanged letters and telephone calls concerning petitioners' tax matters. After petitioners failed to submit any of the requested documents or to call the Appeals officer for their scheduled telephone CDP hearing on the appointed date, the Appeals officer reviewed petitioners' file and determined that the proposed levies should be sustained. We find that petitioners were afforded a CDP hearing which complied with all applicable requirements and the Appeals officer did not abuse her discretion in sustaining the proposed levies.

Our review of the record concludes that the Appeals officer conducted a thorough review of petitioners' account, determined the additions to tax and penalties had been properly assessed, and verified that other requirements of applicable law and administrative procedure were followed. Respondent properly determined that the proposed collection actions appropriately balanced the need for the efficient collection of taxes with the legitimate concern that the collection be no more intrusive than necessary. We conclude that respondent's determination to proceed with the proposed collection actions was not an abuse of discretion.

**[*13]**  Any contention we have not addressed is irrelevant, moot, or meritless.  To reflect the foregoing,

<u>An appropriate decision will be entered</u>.