T.C. Memo. 2021-101

UNITED STATES TAX COURT

KIDZ UNIVERSITY, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23866-18L.                     Filed August 12, 2021.

Michella Gillum (an officer), for petitioner.

<u>G. Chad Barton</u> and <u>Vassiliki Economides Farrior</u>, for respondent.

MEMORANDUM OPINION

URDA, <u>Judge</u>:  In this collection due process (CDP) case petitioner, Kidz

University, Inc. (Kidz University), seeks review pursuant to section 6330(d)(1)[1] of

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

[*2] a determination by the Internal Revenue Service (IRS) Office of Appeals[2] that upheld a notice of intent to levy relating to unpaid 2012 and 2013 employment tax liabilities. Kidz University challenges the conduct of the Office of Appeals both as to the hearing provided to it and the documentation sought from it. The Commissioner has moved for summary judgment, contending that the undisputed facts establish that Kidz University was not in compliance with its employment tax return filing and Federal tax deposit obligations and that the Office of Appeals thus was justified in upholding the proposed levy. We agree and will grant the Commissioner's motion.

## Background

The following facts are based on the parties' pleadings and motion papers, primarily the attached declaration and exhibits, which collectively constitute the administrative record. See Rule 121(b). Kidz University had its principal place of business in Conway, Arkansas, when it timely filed its petition.

---

[2]On July 1, 2019, the Office of Appeals was renamed the Independent Office of Appeals. See Taxpayer First Act, Pub. L. No. 116-25, sec. 1001, 133 Stat. at 983 (2019). As the events in this case predated that change, we will use the name in effect at the time relevant to this case, i.e., the Office of Appeals.

**[*3]** A.     Kidz University's 2012 and 2013 Tax Liabilities

Kidz University is an Arkansas childcare company owned by Michella Gillum. Between June 2014 and October 2015 Kidz University belatedly filed six Forms 941, Employer's Quarterly Federal Tax Return, covering the second and third quarters of 2012 and all four quarters of 2013. On the basis of the amounts reported on those returns, the IRS assessed $29,526 for the two quarters in 2012 and $73,321 for 2013. The IRS also assessed additions to tax under section 6651(a)(1) for failure to timely file tax returns and under section 6651(a)(2) for failure to timely pay the taxes, penalties under section 6656(a) for failure to deposit taxes, and statutory interest.

B.     CDP Proceeding

As part of its efforts to collect the unpaid 2012 and 2013 liabilities the IRS issued to Kidz University a notice of intent to levy, which apprised it of its right to request a CDP hearing. In response Kidz University timely submitted Form 12153, Request for a Collection Due Process or Equivalent Hearing. On Form 12153 Kidz University indicated that it was challenging both a lien and a proposed levy and requested a CDP hearing or an equivalent hearing to the extent

**[*4]** that a CDP hearing was not available.[3]  In addition, it sought collection alternatives of an installment agreement or an offer-in-compromise, as well as lien subordination "[i]f a lien is processed so * * * [it] can sell the property".

1.    Original Assignment to Settlement Officer

Kidz University's CDP case thereafter was assigned to a settlement officer in the Office of Appeals.  On February 28, 2018, the settlement officer sent Kidz University a letter scheduling a telephone CDP hearing for March 29, 2018.  The settlement officer informed Kidz University that she required certain documentation before collection alternatives could be considered.  Specifically, she requested Form 940, Employer's Annual Federal Unemployment (FUTA) Tax Return, for 2016, and Forms 941 for the fourth quarter of 2016 and the first and third quarters of 2017, none of which had been filed, according to IRS records.  The settlement officer also asked for a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and Form 433-B, Collection Information Statement for Businesses.

---

[3]An equivalent hearing is an administrative hearing in the IRS Office of Appeals that may be requested by those who fail to timely request a CDP hearing. Secs. 301.6330-1(i)(1), 301.6320-1(i)(1), Proced. & Admin. Regs.  Although similar to a CDP hearing, an equivalent hearing does not result in a determination subject to judicial review.  See Craig v. Commissioner, 119 T.C. 252, 258-259 (2002); sec. 301.6330-1(i)(2), Q&A-I6, Proced. & Admin. Regs.

[*5]   Telephone calls between the settlement officer and a representative of Kidz University followed.  On March 14, 2018, the settlement officer contacted the representative and tentatively agreed to a hearing date of April 5, 2018.  The parties spoke again on March 29, 2018.  During that call Kidz University's representative requested that the hearing be postponed until May in the light of medical issues in Ms. Gillum's family.  The settlement officer responded that she could not extend the hearing date until May.  She further explained that she either would issue a determination letter or, if the financial information and tax returns were provided, would transfer the case to another settlement officer for further consideration.

On April 3, 2018, the Kidz University representative faxed the settlement officer copies of the requested Forms 940 and 941.  The fax cover sheet stated that "Ms. Gillum is in the process of having the 941's and 940 filed but my firm is not handling that."  The representative also noted that Ms. Gillum was "working to complete the 433-A and B."

The telephone hearing ultimately was held on April 10, 2018.  During the hearing the settlement officer informed the Kidz University representative that she had not received the outstanding financial information.  The representative explained that the Forms 433-A and 433-B given to him had been incomplete and

[*6] that he had returned that documentation to his client for completion. The settlement officer gave Kidz University until April 16, 2018, to provide the completed forms.

Kidz University provided Form 433-A (OIC) and Form 433-B (OIC) on April 16, 2018, noting on a cover sheet that "[y]ou have not asked me to prepare a Form 656 at this time." The settlement officer thereafter transferred this case to a second settlement officer and informed Kidz University of this change by a letter dated April 23, 2018.

2.    <u>Transfer to Second Settlement Officer</u>

The second settlement officer contacted the Kidz University representative on July 12, 2018. The settlement officer informed the representative that Kidz University had submitted Forms 433-A (OIC) and 433-B (OIC), which were not the forms requested. He also noted that Kidz University was not in compliance with employment tax return filing and Federal tax deposit requirements for 2018. The settlement officer gave Kidz University until July 26, 2018, to submit a completed Form 433-B and proof of making adequate Federal tax deposits for the second quarter of 2018. The settlement officer warned Kidz University that it would not be eligible for any collection alternative if it was not in compliance with

[*7] tax obligations and that failure to provide the requested items would result in the collection action being sustained.

Kidz University provided a portion of the requested information on July 24, 2018. Specifically, it submitted Form 433-B, which showed, inter alia, that Kidz University had net monthly disposable income of $15,250 and owned two properties in which it had equity of over $400,000. Although the Kidz University representative submitted a copy of Form 941 for the second quarter of 2018, he did not provide proof that that return had been filed or proof of Federal tax deposits for that quarter.

The settlement officer attempted to reach the Kidz University representative in August and September 2018 to discuss these matters. After failing to reach the representative on both occasions, the settlement officer left a voicemail that Kidz University's noncompliance precluded consideration of collection alternatives and that he would close the case if he did not receive further information by September 24, 2018. The settlement officer received no response to this voicemail.

The settlement officer monitored the IRS reporting system during this period, noting on September 21, 2018, that Kidz University's Form 941 for the second quarter had not been processed and that no Federal tax deposits had been made for the third quarter. Having heard nothing more from Kidz University, the

[*8] settlement officer concluded on October 22, 2018, that Kidz University was not current with its filing and deposit requirements and was thus ineligible for collection alternatives.

On October 26, 2018, the IRS mailed a notice of determination to Kidz University sustaining the proposed levy. The notice identified collection alternatives as the only issue raised by Kidz University but explained that "[s]ince you did not respond to Appeals, nor are you current on making adequate federal tax deposits, you do not qualify for any collection alternatives at this time."

Discussion

I.     General Principles

A.     Summary Judgment

Our decision in this case is appealable to the U.S. Court of Appeals for the Eighth Circuit, see sec. 7482(b)(1), which has held that the scope of review in the CDP context is confined to the administrative record, see Robinette v. Commissioner, 439 F.3d 455, 459-462 (8th Cir. 2006), rev'g 123 T.C. 85 (2004). Neither party suggests that the record is incomplete or inaccurate. For CDP cases appealable to record rule jurisdictions such as the Eighth Circuit, "summary judgment serves as a mechanism for deciding, as a matter of law, whether the agency action is supported by the administrative record and is not arbitrary,

**[\*9]** capricious, an abuse of discretion, or otherwise not in accordance with law." Belair v. Commissioner, 157 T.C. ___, ___ (slip op. at 11) (Aug. 2, 2021) (quoting Van Bemmelen v. Commissioner, 155 T.C. 64, 79 (2020)).

B.  Standard of Review

We have jurisdiction to review the Office of Appeals' determination pursuant to section 6330(d)(1).  Where, as here, the underlying tax liabilities are not at issue, we review the Office of Appeals' determinations regarding the sustained action for abuse of discretion.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 182 (2000).  In reviewing for abuse of discretion, we must uphold the Office of Appeals' determination unless it is arbitrary, capricious, or without sound basis in fact or law.  See, e.g., Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006); Taylor v. Commissioner, T.C. Memo. 2009-27, 97 T.C.M. (CCH) 1109, 1116 (2009).

II.  Analysis

Kidz University failed to file a response to the Commissioner's motion for summary judgment despite being afforded two separate chances to do so. Although failure to respond by itself may constitute grounds for granting summary

**[\*10]** judgment, <u>see</u> Rules 121(d), 123(b), we nonetheless will consider whether the settlement officer abused his discretion in sustaining the proposed levy.

We review the record to determine whether the settlement officer: (1) properly verified that the requirements of applicable law or administrative procedure have been met; (2) considered any relevant issues Kidz University raised; and (3) considered whether "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of * * * [Kidz University] that any collection action be no more intrusive than necessary." <u>See</u> sec. 6330(c)(3); <u>Ludlam v. Commissioner</u>, T.C. Memo. 2019-21, at \*9-\*10, <u>aff'd per curiam</u>, 810 F. App'x 845 (11th Cir. 2020). The settlement officer satisfied all of these requirements.

A.   <u>Verification</u>

This Court has authority to review satisfaction of the verification requirement regardless of whether the taxpayer raised that issue at the CDP hearing. <u>See</u> <u>Hoyle v. Commissioner</u>, 131 T.C. 197, 200-203 (2008), <u>supplemented by</u> 136 T.C. 463 (2011). Kidz University did not allege in its petition that the settlement officer failed to satisfy this requirement and has set forth no specific facts as to this matter. <u>See</u> Rules 121(d), 331(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded."). In any

[*11] event our review of the record shows that the settlement officer conducted a thorough review of the account transcripts of Kidz University and verified that all applicable requirements were met.

B.    Issues Raised

In the CDP proceeding Kidz University raised only the issue of collection alternatives.  A taxpayer, however, must be "in compliance with current filing and estimated tax payment requirements to be eligible for collection alternatives." Coastal Luxury Mgmt. Inc. v. Commissioner, T.C. Memo. 2019-43, at *9 (citing Reed v. Commissioner, 141 T.C. 248, 256-257 (2013), supplemented by T.C. Memo. 2014-41).  It is not an abuse of discretion for a settlement officer to reject collection alternatives on the ground that a taxpayer has a history of noncompliance with tax laws or is not in compliance with current tax obligations. Giamelli v. Commissioner, 129 T.C. 107, 111-112 (2007).  Nor is it an abuse of discretion to reject a collection alternative for failure to provide proof of required tax deposits or payments.  See Friendship Creative Printers Inc. v. Commissioner, T.C. Memo. 2021-19, at *17-*18; Silvercrest Manor Nursing Home, Inc. v. Commissioner, T.C. Memo. 2017-96, at *11.

The second settlement officer reviewed IRS records in July 2018 showing that Kidz University had not filed Form 941 or made adequate Federal tax deposits

[*12] for the second quarter of 2018. Over the next three months, the settlement officer alerted Kidz University to its noncompliance and gave it multiple chances to provide proof of the filing of Form 941 and the sufficiency of its Federal tax deposits. Despite being afforded ample time, Kidz University did not avail itself of these opportunities. As of October 2018 IRS records further indicated that Kidz University had failed to make adequate Federal tax deposits for the third quarter as well. Under these circumstances the settlement officer did not abuse his discretion in concluding that Kidz University was not eligible for collection alternatives. See Coastal Luxury Mgmt. Inc. v. Commissioner, at *10.

C.    Balancing

Kidz University did not allege in its petition or argue at any later point that the settlement officer failed to consider "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." Sec. 6330(c)(3)(C). It thus has conceded this issue. See Rules 121(d), 331(b)(4); see also Ansley v. Commissioner, T.C. Memo. 2019-46, at *19. In any event we see nothing to disturb the settlement officer's express conclusion in the notice of determination that the proposed levy action balanced the need for efficient tax collection with any legitimate concerns of Kidz University about intrusiveness.

**[*13]** III.    <u>Conclusion</u>

Finding no abuse of discretion, we will grant summary judgment for the Commissioner and affirm the IRS' determination to sustain the proposed collection action.

To reflect the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered</u>.